Argued and submitted January 25, affirmed May 18, reconsideration denied July 1, petition for review denied July 26, 1988 (306 Or 413)

ANTONE A. DOTTA,
*Appellant,*

*v.*

MAASS,
*Respondent.*

(87-C-10142; CA A45506)

754 P2d 36

John E. Storkel, Salem, argued the cause and filed the brief for appellant.

Timothy Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

WARDEN, P. J.

## WARDEN, P. J.

Petitioner appeals the dismissal of his second petition for post-conviction relief. He alleged that, when he was convicted of sexual abuse in the first degree and kidnapping in the second degree, he was deprived of the right to a jury trial, did not validly waive the right to a jury and was denied effective assistance of trial counsel.[1] He had entered pleas of guilty and no contest. We affirm.

ORS 138.550(3) provides, in relevant part:

"All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 [for post-conviction relief] must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition."

Petitioner's brief concedes that the grounds which he now seeks to raise were raised in his original petition, but he argues that he has reasonable grounds for raising them in a later petition, because they were dropped from contention by his attorney and, therefore, were never litigated. Counsel's alleged derelictions are not relevant to whether the claims could reasonably have been raised in the first petition; they were in fact raised. *See Gordon v. Keeney,* 83 Or App 514, 732 P2d 89, *rev den* 303 Or 331 (1987). Boiled down, petitioner's argument is that he had ineffective assistance of counsel in prosecuting his first petition for post-conviction relief. That is not a ground for post-conviction relief. *Church v. Gladden,* 244 Or 308, 311, 417 P2d 993 (1966); *Hetrick v. Keeney,* 77 Or App 506, 713 P2d 688, *rev den* 300 Or 722 (1986).

Affirmed.

---

[1] We upheld the denial of his earlier petition in another case, in which the only issue on appeal was whether he had been deprived of effective assistance of trial counsel. *Dotta v. Keeney,* 90 Or App 327, 752 P2d 328 (1988).