Argued and submitted June 11, reversed and remanded August 8, reconsideration
allowed by opinion November 28, 1990
See 104 Or App 481, 802 P2d 76 (1991)

RALPH ERNEST MOEN,
*Appellant,*

*v.*

R. S. PETERSON,
*Respondent.*

(87C-11030; CA A61667)

795 P2d 1109

72

────────────

Walter J. Todd, Salem, argued the cause for appellant. With him on the brief was James F. Little, Silverton.

David Runner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Petitioner appeals from a judgment denying his petition for post-conviction relief. He assigns error to the post-conviction court's finding that his conviction was not rendered void because of inadequate assistance of trial counsel. We reverse.

Petitioner pleaded no contest to a charge of sodomy in the first degree. ORS 163.405. The trial court imposed a sentence of 20 years imprisonment, with a ten-year minimum sentence. Petitioner sought post-conviction relief, alleging a substantial denial of his state and federal constitutional rights on the basis of failure of counsel to advise him before he entered his plea that the trial court might impose a minimum sentence of up to ten years. The post-conviction court found that trial counsel did not inform petitioner of that, but that petitioner was aware that a minimum sentence could be imposed.[1] It concluded that, although trial counsel's failure to advise petitioner constituted inadequate assistance of counsel, petitioner's knowledge that he could receive a minimum sentence made advising him unnecessary. On appeal, petitioner argues that the post-conviction court erred, because his knowledge that some minimum sentence could be imposed is not tantamount to his knowing that a 10-year minimum sentence could be imposed.

A counsel's failure to advise a criminal defendant of the possibility of a minimum sentence under ORS 144.110(1), before entry of a guilty plea, constitutes ineffective assistance of counsel under Article I, section 11, of the Oregon Constitution. That failure, however, will not render a conviction void if there is evidence from which the post-conviction trial court can find that the defendant was otherwise aware of that possibility before pleading guilty. *Hartzog v. Keeney,* 304 Or 57, 64, 742 P2d 600 (1987). The post-conviction court based its

---

[1] Petitioner also assigns error to the post-conviction trial court's finding that the trial court adequately advised him of the possibility of a minimum sentence under ORS 144.110. He argues that failure of the trial court to so advise was a substantial denial of his state and federal constitutional rights which rendered his conviction void. Both this court and the United States Supreme Court have ruled to the contrary. *See Hill v. Lockhart,* 474 US 52, 56, 106 S Ct 366, 369, 88 L Ed 2d 203 (1985); *State v. Twitty,* 85 Or App 98, 102, 735 P2d 1252, *rev den* 304 Or 56 (1987); *Jones v. Cupp,* 7 Or App 415, 420, 490 P2d 1038 (1971), *rev den* (1972). The trial court was not constitutionally obligated to advise petitioner about the possibility of a minimum sentence.

finding on evidence that petitioner had been sentenced to a five-year minimum term in a separate proceeding. However, in order to waive knowingly and voluntarily the rights that are forfeited by entering a plea of guilty or no contest, a defendant must be apprised of the full potential exposure to incarceration. Petitioner's knowledge, based on the imposition of a different minimum sentence in a different case, does not meet that standard.

The respondent argues that the rule in *Hartzog* was decided after petitioner was sentenced and that, under the criteria employed in *State v. Fair,* 263 Or 383, 388, 502 P2d 1150 (1972), it should not be applied "retroactively." In *Fair,* the court was faced with whether to apply a new principle of case law decided after the defendant's conviction, but while that conviction was on direct appeal. The court analyzed the issue under these factors:

> "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." 263 Or at 388.

■ The *Fair* test has not been expressly applied in post-conviction relief cases. The longstanding rule in post-conviction relief cases has been that, when a new constitutional principle has been articulated between the times of a petitioner's direct appeal and the post-conviction proceeding, a claim based on the new constitutional principle will be considered in the post-conviction proceeding. *See Twitty v. Maass,* 96 Or App 631, 773 P2d 1336 (1989); *Addicks v. Cupp,* 54 Or App 830, 838, 636 P2d 454 (1981), *rev den* 292 Or 568, *cert den* 459 US 842 (1982); *Myers v. Cupp,* 49 Or App 691, 695, 621 P2d 579 (1980); *Pettibone v. Cupp,* 43 Or App 955, 959, 607 P2d 742 (1979), *rev den* 289 Or 45 (1980).

■ We hold that the *Fair* test is inapplicable because of the nature of post-conviction relief proceedings. Unlike a situation where a constitutional principle is enunciated after a conviction while the case is on direct appeal, a post-conviction relief proceeding is a wholly distinct proceeding. It does not determine innocence or guilt. It determines the validity of a judgment of conviction on specified grounds: substantial denial of constitutional rights, lack of jurisdiction, unlawful

sentence or unconstitutionality of the statute under which a defendant was convicted. When a petitioner has sought and obtained direct appellate review, he cannot assert grounds for relief under the Post-Conviction Relief Act unless those grounds were not asserted and could not reasonably have been asserted on direct appellate review. ORS 138.550(2). Thus, an application of a new constitutional principle that is articulated after conviction in a post-conviction proceeding is not "retroactive," but prospective. *Hartzog v. Keeney, supra,* was decided after petitioner's conviction but before he filed his petition for post-conviction relief. We conclude that petitioner's conviction was rendered void by his counsel's failure to advise him of the possibility of a minimum sentence.

Reversed and remanded.