Argued and submitted June 28, affirmed December 26, 1991, reconsideration denied
February 19, petition for review denied March 24, 1992 (313 Or 74)

SAMMIE J. MARTZ,
*Appellant,*

*v.*

Manfred (Fred) MAASS,
*Respondent.*

(89C-11747; CA A67137)

822 P2d 750

Thomas E. Price, Salem, argued the cause for appellant. With him on the brief was George E. Price, Salem.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

JOSEPH, C. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## JOSEPH, C. J.

Petitioner appeals from a judgment denying his petition for post-conviction relief. ORS 138.510 *et seq*. He assigns error to the post-conviction court's ruling that his conviction was not void because of inadequate assistance of counsel. We affirm.

Petitioner pleaded guilty to two counts of sodomy in the first degree. ORS 163.405. The trial court imposed a sentence of 20 years imprisonment, with a 10-year minimum. Petitioner sought post-conviction relief. Before the hearing, he requested that his counsel assert a substantial denial of his state and federal constitutional rights on the basis that his trial counsel had failed to advise him before he entered the plea that the court might impose a minimum sentence.[1] At the hearing, post-conviction counsel failed to make that assertion, and petitioner said nothing. Subsequently, he initiated this proceeding. He alleged that he was never informed, and never knew of the possibility, of a minimum sentence before he entered the guilty plea. He asserted that his trial counsel's failure to inform him and his first post-conviction counsel's failure to raise the claim that he was never informed constituted inadequate assistance of counsel that rendered his conviction void.

The court in this second post-conviction proceeding found that petitioner could reasonably have raised the issue of adequacy of both counsel at the first post-conviction hearing. It concluded that he had waived that ground for relief.

■ Trial counsel's failure to advise a criminal defendant of the possibility of a minimum sentence under ORS 144.110(1) before entry of a guilty plea may constitute ineffective assistance of counsel under Article I, section 11. *Hartzog v. Keeney*, 304 Or 57, 64, 742 P2d 600 (1987); *see Moen v. Peterson*, 103 Or App 71, 795 P2d 1109, *mod* 104 Or App 481, 802 P2d 76 (1990), *aff'd on other grounds* 312 Or 503 (1991); *see also Trujillo v. Maass*, 312 Or 431, 822 P2d 703 (1991). However, ORS 138.550(3) provides, in part:

---

[1] Petitioner asserts violations of the Fourteenth Amendment and Article I, section 11, of the Oregon Constitution.

"All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition."

■■ Petitioner asserts that that statute does not apply here because, once his trial counsel had failed to inform him, the court lacked jurisdiction to convict him and jurisdictional defects are never waived. The trial court had *jurisdiction*. The issue is whether, in the second post-conviction hearing, he can attack the underlying conviction on the basis of inadequate assistance of counsel at trial. The second post-conviction court found that he could reasonably have raised that issue in the first hearing. He did not. We agree that he waived it.

■ Furthermore, in this second post-conviction proceeding, he cannot attack the underlying conviction on the basis of inadequate assistance of counsel in the first post-conviction proceeding. *See Dotta v. Maass*, 91 Or App 222, 224, 754 P2d 36, *rev den* 306 Or 413 (1988); *Hetrick v. Keeney*, 77 Or App 506, 507, 713 P2d 688, *rev den* 300 Or 722 (1986); *see also Church v. Gladden*, 244 Or 308, 311, 417 P2d 993 (1966).[2]

■ Petitioner also asserts that his claim could have been raised in *habeas corpus* before enactment of the Post-Conviction Hearing Act and that, therefore, ORS 138.550(3) does not bar it. ORS 138.530(2).[3] However, the principle of claim preclusion embodied in ORS 138.550(3) also applied in *habeas corpus* proceedings to all matters that could properly have been determined in an earlier proceeding. *Barber v. Gladden*, 215 Or 129, 133, 332 P2d 641 (1958), *cert den* 359

---

[2] Our disposition of this case would be the same under the Fourteenth Amendment.

[3] ORS 138.530(2) provides:

"Whenever a person petitions for relief under ORS 138.510 to 138.680, ORS 138.510 to 138.680 shall not be construed to deny relief where such relief would have been available prior to May 26, 1959, under the writ of habeas corpus * * *."

US 948 (1959); *see McClure v. Maass,* 110 Or App 119, 821 P2d 1105 (1991).

Affirmed.