Argued and submitted June 17, 1992, affirmed January 20, reconsideration denied
March 24, petition for review denied April 20, 1993 (316 Or 142)

## DOUGLAS RAY MILLER,
*Appellant,*

*v.*

## Manfred (Fred) MAASS,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(90-C-12089-7; CA A72448)

845 P2d 933

Gary D. Babcock, Salem, argued the cause and filed the brief for appellant.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Petitioner appeals from a judgment dismissing his petition for post-conviction relief. We affirm.

Petitioner was convicted of aggravated murder in 1982 for the shooting death of his wife. Following his direct appeal, he filed a petition for post-conviction relief in 1984, based only on the prosecution's suppression of the conviction record of one of its witnesses. The petition was denied. Petitioner appealed, and the denial was affirmed. On June 7, 1991, petitioner filed a petition for post-conviction relief, alleging ineffective representation by his original post-conviction counsel. Defendant moved to dismiss. The court granted the motion to dismiss with prejudice, finding that petitioner's claims "could have been raised in his earlier post-conviction proceeding."

Petitioner argues that his first post-conviction counsel failed to assert certain inadequacies with his trial counsel and that he neither knew of the potential grounds for relief nor was in a reasonable position to know them. More specifically, petitioner claims that his trial counsel and his first post-conviction counsel should have investigated and presented evidence from two witnesses who he believes could have proved that someone else committed the crime. The information allegedly was in police reports that petitioner did not read until after the conclusion of his first post-conviction proceeding.

■ Petitioner cannot use a later post-conviction proceeding to attack the adequacy of his counsel in an earlier post-conviction proceeding. *Martz v. Maass*, 110 Or App 391, 394, 822 P2d 750 (1991), *rev den* 313 Or 74 (1992). No matter how petitioner tries to frame the issue before us, that is essentially what he is doing here. He has not stated a proper ground for relief.

Additionally, ORS 138.550(3) provides:

"All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original

or amended petition. However, any prior petition or amended petition which was withdrawn prior to the entry of judgment by leave of the court, as provided in ORS 138.610, shall have no effect on petitioner's right to bring a subsequent petition."

*See also Church v. Gladden*, 244 Or 308, 311, 417 P2d 993 (1966).

A petitioner is deemed to have

"knowledge of all grounds for relief that were, *or should have been*, discovered before the close of the original proceeding." *Page v. Cupp*, 78 Or App 520, 525, 717 P2d 1183, *rev den* 301 Or 338 (1986). (Emphasis supplied.)

Although petitioner claims that he could not have known of inadequacies in his representation at trial due to his first post-conviction counsel's neglect, that does not provide grounds for relief under ORS 138.550(3). He had the opportunity to review his case during the first post-conviction proceeding, and it was his responsibility to raise any concerns about his representation at trial at that time. *Bartz v. State of Oregon*, 110 Or App 614, 617, 825 P2d 657, *aff'd* 314 Or 353, 839 P2d 217 (1992). The second post-conviction court found that petitioner could have asserted in his first post-conviction proceeding the grounds for relief on which he now relies. The record supports the court's finding. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968).

Affirmed.