Submitted April 23, affirmed July 10, petition for review denied
November 12, 2013 (354 Or 489)

RICHARD R. APONTE,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Multnomah County Circuit Court
071012744; A148838

306 P3d 785

James N. Varner filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Janet A. Klapstein, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Chief Judge, and Brewer, Judge pro tempore.

HASELTON, C. J.

## HASELTON, C. J.

Petitioner, who, after he entered a no-contest plea, was convicted of aggravated murder, ORS 163.095, and sentenced to life in prison, appeals from a judgment denying post-conviction relief. ORS 138.530. Petitioner asserts that he received ineffective assistance of counsel because his defense counsel failed to investigate and pursue a defense of self-defense. We affirm.

"In reviewing the decision of the post-conviction court, we are bound by its factual findings that are supported by evidence in the record." *Harris v. Morrow*, 186 Or App 29, 33, 63 P3d 581, *rev den*, 335 Or 479 (2003). We review the court's legal conclusions for errors of law. *Ashley v. Hoyt*, 139 Or App 385, 391, 912 P2d 393 (1996).

On appeal, petitioner's essential contention is that his trial counsel provided ineffective assistance by failing to investigate and pursue a defense of self-defense. The state responds, simply, that petitioner's contention on appeal reduces to challenges to the post-conviction court's factual findings—*viz.*, that petitioner's trial counsel repeatedly and adequately advised him as to potential defenses, and that petitioner insisted on opposing any continuances and on entering a no-contest plea. The state emphasizes that, on appeal, petitioner does not contend that those findings were unsupported by the evidence.

The material facts, as found by the post-conviction court and substantiated by evidence in the post-conviction record, are as follows. On September 24, 1995, Portland police found the body of a man in a motel room who had died as a result of multiple blows to the head. The police failed to locate a suspect, and the case remained unsolved until 1998, when Florida police, who were investigating petitioner for a separate murder in that state, informed Portland police that petitioner may have been involved in a Portland motel murder. A subsequent DNA comparison linked petitioner to cigarettes found in the motel room with the dead body. Petitioner later admitted to "having gone out drinking with the victim, that he had gotten into a fight with the victim over a chess game, and that he had beaten him severely and had taken off with some of his property."

On January 24, 2006, the state charged petitioner with aggravated murder and robbery. Petitioner, who was then serving a life sentence in Florida for second-degree murder, requested a speedy trial in Oregon under the Interstate Agreement on Detainers (IAD), ORS 135.775 (1987), *amended by* Or Laws 2013, ch 360, § 5. Defense counsel was appointed on September 25, 2006. The following day, during a telephone conversation, petitioner informed his trial counsel that he would not waive his right to be tried within the IAD time limit. The two men discussed the trial process, including defendant's right to an investigation into the alleged crime and potential mitigation facts. That discussion included the subject of self-defense. On October 2, defense counsel and petitioner reviewed the state's discovery and, again, discussed the issue of self-defense and whether there was theft involved in the alleged incident. At a status hearing on October 6, the trial court advised petitioner that aggravated murder defenses normally take a year or two, and that his lawyer would need to review discovery, prepare for expert testimony, and to prepare for the penalty phase. Nevertheless, that same day, petitioner again told his trial counsel that he would not waive his right to be tried within the time limits of the IAD. A trial date was set for November 9.

Defense counsel met with petitioner again on October 11 and advised petitioner that he would need additional time, that aggravated murder cases require substantial preparation for both innocence/guilt and potential penalty phases, and that it generally takes 18 months to two years, if not longer, for aggravated murder cases to come to trial. They also discussed the state's case against petitioner, including the concept of an "imperfect self-defense" and intoxication in relation to the mental state element of the charges. Defense counsel again explained defendant's right to co-counsel, investigation, expert testimony, possible mitigation evidence, and hearing-related matters. Nevertheless, petitioner maintained his position that he wanted to be tried within the IAD deadline because, as defense counsel recounted, "he wanted to 'get the case over with,' * * * he wanted to apologize to the victim's family, and * * * he did not want to put his own family through the process."

At an October 12 settlement conference, petitioner indicated that he was willing to plead no contest to aggravated murder. On October 19, after final plea negotiations with the prosecutor, petitioner confirmed that he was willing to enter a plea to aggravated murder, with a sentence of life imprisonment without the possibility of parole, consecutive to his current sentence, and stated that he "considered the case done." The next day, defense counsel reviewed the plea petition with petitioner line by line, and petitioner indicated that he understood and did not want more time to investigate. On October 20, 2006, petitioner entered a plea of no contest to aggravated murder. At that point, according to trial counsel, "[a]ny investigation of self-defense stopped."

After petitioner entered his plea, the prosecutor asked the court to "put additionally on the record and go over with [petitioner] his decision on the timeframe that we were looking at here, * * * so there isn't any later attack against this proceeding." The court then addressed petitioner:

> "I want to make sure, [defendant], that you feel satisfied that notwithstanding the relatively short timelines here that you have had an opportunity to discuss your options and have made a knowing and intelligent and voluntary decision to enter this plea here today."

Petitioner responded, "Yes, Your Honor, I've discussed everything with my lawyer, and we went and talked countless times, and yes, I agree everything is exactly the way it has [*sic*]." The court then found defendant guilty of one count of aggravated murder. At petitioner's sentencing hearing, during allocution, petitioner took responsibility for the murder and apologized to the victim's family. The court sentenced defendant to life in prison without the possibility of release or parole to run consecutively to the sentence that defendant was serving in Florida.

In 2008, petitioner filed a petition for post-conviction relief, contending, *inter alia,* that his trial counsel provided ineffective assistance because, according to petitioner, defense counsel failed to adequately investigate petitioner's assertion that he had acted in self-defense and, additionally, that defense counsel had failed to pursue a defense based on that assertion. At his post-conviction hearing, petitioner

described his version of the events on the evening that the victim died. Petitioner explained that he and the victim had gotten into an altercation over a series of chess games on which they had been wagering. Petitioner asserted that the victim had tried to attack him with a "stick with a metal thing on the end that you test tires with." Petitioner took the weapon from the victim and beat him until the victim was unconscious. Petitioner then left the motel.

When the post-conviction court asked petitioner why he had entered a no-contest plea, petitioner responded:

> "I entered a no contest plea to the charge because my counsel wanted two years to investigate the case. The problem with the two years would mean the state would be able to investigate my past here on this conviction, which would have crucified me. Okay."

Petitioner also stated, "I entered a plea because I thought that the time would run concurrent with [his incarceration in Florida] and be over it and that's it."

The post-conviction court denied relief. With regard to petitioner's assertion of inadequate assistance of counsel, the post-conviction court found that defense counsel had "conferred with [petitioner] about self-defense and other potential defenses," but that—despite trial counsel's (and the trial court's) advice that a defense to aggravated murder charge can take up to two years to investigate and prepare for trial—petitioner "repeatedly asserted his position in [this] case, that he wanted to get the case over with and apologize to the victim's family and did not want to waive his speedy trial rights." The post-conviction court concluded that petitioner had not demonstrated that his trial counsel had provided ineffective assistance by "relying on his client's assertions" or "by failing to undertake steps that take much more time to complete than 25 days."

In a petition for post-conviction relief based on inadequate assistance of counsel, "[t]he burden is on petitioner to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass,* 312 Or 431, 435,

822 P2d 703 (1991); ORS 138.620(2); *see also Strickland v. Washington*, 466 US 668, 688-94, 104 S Ct 2052, 80 L Ed 2d 674 (1984) (stating the same standard under the federal constitution). Where a petitioner alleges that his plea was based on incorrect legal advice from counsel, to prove that he was prejudiced as a result, the petitioner must establish that, had he been correctly advised, he would not have pleaded guilty or no contest. *Moen v. Peterson*, 312 Or 503, 513, 824 P2d 404 (1991); *Hill v. Lockhart*, 474 US 52, 59, 106 S Ct 366, 88 L Ed 2d 203 (1985) (explaining that, "in order to satisfy the 'prejudice' requirement [in the plea context], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial").

We conclude that the post-conviction court did not err in denying post-conviction relief. Specifically, petitioner does not challenge the post-conviction court's findings that defense trial counsel repeatedly advised petitioner about his options to pursue various defenses, including self-defense. Neither does petitioner challenge the court's finding that he had refused to waive the IAD timelines to allow trial counsel adequate time to investigate the alleged crime, including petitioner's assertion that he had acted in self-defense. Finally, the post-conviction court did not err in determining that petitioner had failed to establish that defense counsel's advice regarding a possible defense of self-defense was incorrect or otherwise did not comport with the exercise of "reasonable professional skill and judgment." *Trujillo*, 312 Or at 435. Accordingly, we affirm.

Affirmed.