Submitted November 7, 2014, affirmed May 4, petition for review denied August 25, 2016 (360 Or 237)

**MANUEL RUBI, JR.,**
*Petitioner-Appellant,*

*v.*

**Mark NOOTH,**
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
12079579P; A154008

372 P3d 601

James N. Varner filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Patrick M. Ebbett, Senior Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Wilson, Senior Judge.

## DUNCAN, P. J.

Petitioner appeals a judgment of the post-conviction court, assigning error to the court's determination that, although petitioner's trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution, petitioner was not prejudiced by it. Defendant cross-assigns error to the post-conviction court's determination that petitioner's trial counsel provided inadequate assistance. We affirm on petitioner's assignment of error and, accordingly, do not reach defendant's cross-assignment.

We state the facts consistently with the post-conviction court's express and implicit factual findings. *Montez v. Czerniak*, 355 Or 1, 8, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014). Petitioner was charged by indictment with 11 crimes, including two counts of first-degree kidnapping, after an incident in which he forcibly moved the victim, his wife, from their living room to their bedroom, where he sexually assaulted her. After negotiations, petitioner and the state agreed to a stipulated facts trial with the expectation that the trial court would convict petitioner of eight crimes: two counts of first-degree kidnapping, two counts of coercion, and one count each of first-degree sodomy, first-degree unlawful sexual penetration, fourth-degree assault, and tampering with a witness. The court convicted petitioner of those eight crimes, and the remaining three charges were dismissed.[1]

The parties' negotiations contemplated that petitioner would be sentenced to between 166 and 265 months' incarceration for his crimes, and the sentencing court agreed to impose a sentence in that range. The parties stipulated that "the Court can make all findings necessary that there are either harms that are different from all other harms in each [other] count, or that [each count] constitute[s] acts [that are] separate and distinct for purposes of the court making findings" that would allow imposition of consecutive sentences under ORS 137.123(4) and (5).

At sentencing, petitioner argued for a sentence at the low end of the agreed-upon range, and the prosecutor

---

[1] The dismissed charges were for first-degree sexual abuse, menacing, and interfering with making a report.

argued for a 265-month sentence. The sentencing court took particular note of petitioner's two previous convictions for violent sex crimes and pointed out that, in light of the fact that this was petitioner's third sentencing for felony sex crimes, "it's a lifetime sentence that you're supposed to be receiving" under ORS 137.719(1).[2] The court stated, "I'm going to sentence you in the [negotiated] range because I agreed to sentence you in the range," but repeatedly emphasized that "we can't have more victims." The court sentenced petitioner to 265 months, the maximum allowed under the parties' agreement.

Petitioner sought post-conviction relief, asserting, among other things, that his trial counsel had performed inadequately under Article I, section 11, and the Sixth Amendment to the United States Constitution, by failing to recognize that his conduct did not demonstrate the intention to interfere substantially with the victim's personal liberty under *State v. Wolleat*, 338 Or 469, 111 P3d 1131 (2005), and, accordingly, could not support convictions for kidnapping. *See* ORS 163.225(1) (second-degree kidnapping requires "intent to interfere substantially with another's personal liberty"); ORS 163.235(1) (first-degree kidnapping requires a violation of ORS 163.225 with an additional enumerated purpose). Petitioner alleged that "[t]rial counsel failed before trial or sentencing to recognize that petitioner's actions were insufficient to constitute kidnapping in the first degree, and to employ that recognition in the negotiations which led to the stipulated facts trial and to the prosecutor's position at sentencing." As relevant here, petitioner sought an order "reversing his convictions and sentences for kidnapping in the first degree (counts 1 and 2)."

In their briefing to the post-conviction court, petitioner and defendant disagreed about whether the facts to

---

[2] ORS 137.719(1) provides:

"The presumptive sentence for a sex crime that is a felony is life imprisonment without the possibility of release or parole if the defendant has been sentenced for sex crimes that are felonies at least two times prior to the current sentence."

The prosecutor noted that he had not obtained a copy of the judgment reflecting one of petitioner's prior felony sex-offense convictions before the trial. He did not seek to rescind the parties' agreement.

which petitioner and the state had stipulated were distinguishable from the facts in *Wolleat* and whether petitioner's trial counsel performed inadequately in failing to raise the issue. Petitioner did not advance a theory of prejudice from counsel's failure to "recognize that petitioner's actions were insufficient to constitute kidnapping in the first degree, and to employ that recognition in the negotiations" that led to the stipulated facts trial. That is, petitioner did not articulate a theory regarding what would have been different if counsel had recognized the *Wolleat* issue, and, accordingly, how counsel's inadequate performance had had "a tendency to affect" the result of his trial. *See Montez*, 355 Or at 7 (on appeal from a judgment of a post-conviction court, "'[f]irst, we must determine whether petitioner demonstrated by a preponderance of the evidence that [his lawyer] failed to exercise reasonable professional skill and judgment'"; "'[s]econd, if we conclude that petitioner met that burden, we further must determine whether he proved that counsel's failure had a tendency to affect the result of his trial'" (quoting *Lichau v. Baldwin*, 333 Or 350, 359, 39 P3d 851 (2002) (second brackets in *Montez*))); *see also Moen v. Peterson*, 312 Or 503, 513, 824 P2d 404 (1991) (to prove prejudice, a petitioner who has pleaded no contest must show that he would not have entered that plea if counsel had performed adequately).

At the close of the post-conviction hearing, the post-conviction court orally ruled as follows:

"[I]n my view, the trial attorney was constitutionally ineffective for failing to raise the *Wolleat* case, failing to argue that the facts as stipulated did not constitute kidnapping in the first degree, and allowing his client, [petitioner], to be convicted of those kidnapping counts without arguing that case.

"The *Wolleat* case had been decided some time before this case and should have been known by counsel, and should have been raised by counsel. Now, here's the question I have for you, [petitioner's attorney], and it is, was he prejudiced?"

The court went on to explain its view on that question:

"My view is that [petitioner] should not have been convicted of the two counts of kidnapping in the first degree. On the other hand, the [sentencing] judge clearly stated that given the circumstances of what happened, it was [her] intent to sentence [petitioner] to the maximum period of time possible. They had stipulated to a range between 166 and 265 months. It was clear that the judge was going to sentence him to 265 months. And as I rule back, even if the kidnapping charges were dismissed, there were still enough of the remaining counts that the judge could have sentenced him to 265 months.

"So my finding [is] that even if the kidnapping counts had been dismissed the judge would have still sentenced him to 265 months in prison. My question, and I would like to hear from the parties, is [is petitioner] prejudiced simply by having those convictions to the kidnapping counts, even though I find [he] would have received the same sentence without those counts?"

Petitioner's response was twofold: He briefly questioned whether the sentencing court would have been able to sentence enough of the remaining convictions consecutively to reach a 265-month total sentence, and then he explained that "what we ask[ed] for [in the amended petition] was that if the court were to find that the kidnapping convictions were unconstitutional, as it apparently has, that those convictions would simply be reversed and the sentence reduced by 90 months." The post-conviction court allowed the parties to submit additional briefing on the question.

In his post-hearing brief, petitioner framed the question as "whether petitioner was prejudiced by the imposition of 90 consecutive months in prison on an unconstitutional conviction for kidnapping in the first degree." In answering that question, petitioner argued only that, as a matter of sentencing law and arithmetic, the sentencing court could not have arrived at a 265-month sentence on the six convictions that, petitioner assumed, would remain "[i]n the absence of the unconstitutional kidnapping convictions." Petitioner asserted that the maximum sentence the court could impose on those six convictions was 242 months, and the difference between that number and the 265 months to which he was sentenced "is of sufficient gravity to constitute

prejudice." Petitioner also requested that he be resentenced by a different judge than the one who originally sentenced him.

In a letter opinion, the post-conviction court explained in more detail its determination that the sentencing court could have sentenced petitioner to 265 months on the six remaining convictions, and explained that, "[g]iven the trial judge's expressed intent, it is clear that she would have done so if the Kidnapping charges were dismissed." It also noted that "[p]etitioner has made no showing that the conviction for 2 counts of Kidnapping in the First Degree resulted in any type of prejudice that would not have been incurred had the two counts of Kidnapping been dismissed." The court denied relief and entered a general judgment dismissing the petition with prejudice.

Petitioner appeals, assigning error to the post-conviction court's determination that he was not prejudiced and consequent dismissal of the petition. Petitioner appears to raise four arguments on appeal. First, he reiterates, verbatim, his argument, made in his post-hearing brief, that the sentencing court could not have arrived at a 265-month sentence on the six convictions that would remain if counsel had obtained dismissal of the two kidnapping charges. Because petitioner's argument is merely a verbatim repetition of petitioner's argument below, it does not respond to defendant's arguments in response or the post-conviction court's explanation of its conclusion to the contrary, which refuted petitioner's position. We conclude, as did the post-conviction court, that, even if petitioner had been sentenced on only the six counts, the trial court could have legally imposed a 265-month sentence.

Second, petitioner asserts that "without the two kidnapping I convictions the sentencing court simply would have faced a different case." We understand that as a challenge to the post-conviction court's factual finding that, even if trial counsel had obtained dismissal of the two kidnapping charges, the sentencing court would have sentenced petitioner to 265 months on the six remaining convictions. As demonstrated by the sentencing court's remarks at sentencing, set out above, the post-conviction court's finding

that the sentencing court would have sentenced petitioner to the top of the agreed-upon range regardless of the kidnapping convictions is supported by the record. Accordingly, we are bound by the post-conviction court's finding, *Montez*, 355 Or at 8, and petitioner's argument fails.

Third, petitioner asserts that "the post-conviction court's conclusion [regarding prejudice] also ignores the fact that, without the two kidnapping I convictions in the picture, the agreement of a sentencing range of up to 265 months [in] prison likely would have been different, also." As we understand this contention, it rests on the discrepancy between the post-conviction court's ruling—that trial counsel performed inadequately by failing to obtain dismissal of the two kidnapping charges at the stipulated facts trial—and petitioner's actual claim—that trial counsel performed inadequately in failing to recognize the problem with the kidnapping charges and *negotiate* with the prosecutor accordingly. We understand petitioner to assert that, if trial counsel had been adequate in recognizing the problem with the kidnapping charges, and had negotiated accordingly, then the negotiations would have gone differently and the agreed-upon sentencing range would have been lower.

Just one of the problems with that argument is that petitioner has never argued, much less proved, that, if trial counsel had negotiated differently, it would have tended to affect the ultimate result of the prosecution or he would not have agreed to the stipulated facts trial. The only evidence in the record on that point is an affidavit from the prosecutor, stating, "I would not have agreed to a negotiation that resulted in the dismissal of the kidnapping charges." Nor has petitioner ever argued for the remedy that would follow from that theory of prejudice, namely, that the case be returned to a pre-negotiation posture. Instead, petitioner has contended—and continues to contend—that the remedy for the kidnapping-related inadequate performance should be to vacate the kidnapping convictions, leave the remaining six convictions in place, and either reduce the sentence by 90 months or remand for resentencing on the six remaining convictions alone. Given that petitioner never advanced the theory of prejudice that he now seems to embrace or

requested the remedy that would result from it, his argument based on that theory is unpreserved and, therefore, we do not address it. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *.").

Finally, petitioner appears to assert that he was prejudiced by the entry of the kidnapping convictions themselves, and, accordingly, that they must be vacated. That argument is also unpreserved. Below, the post-conviction court posed exactly that question to petitioner: "My question, and I would like to hear from the parties, is [is petitioner] prejudiced simply by having those convictions to the kidnapping counts * * *?" Petitioner responded that he was prejudiced because the 265-month sentence that he received was 23 months longer than the longest allowable sentence on the six remaining convictions. He did not contend that he was prejudiced by the convictions themselves. Accordingly, his final argument is not preserved, and thus we do not address it.

Affirmed.