122 February 22, 2024 No. 118

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ANDREW EUGENE STEWART,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Marion County Circuit Court
19CV56391; A177953

Patricia A. Sullivan, Judge.

Submitted January 30, 2024.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Hellman, Judge, and DeVore, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief from a conviction resulting from a guilty plea he entered for one count of fourth-degree assault constituting domestic violence. He argues that his criminal defense lawyer provided constitutionally inadequate representation because, according to petitioner, counsel did not obtain a psychosexual evaluation or a polygraph test before petitioner pleaded guilty. Had counsel done so, petitioner continues, the results of those assessments would have shown that petitioner was not a primary aggressor in the circumstances that led to the criminal charge. On appeal, we review the post-conviction court's denial of relief for legal error, accepting the court's supported implicit and explicit factual findings. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). Reviewing under that standard, we affirm.

Petitioner was charged with fourth-degree assault constituting domestic violence and was appointed counsel to defend him in the prosecution. Rather than proceed to trial, petitioner pleaded guilty to the charge. A year after entering his plea, petitioner independently obtained a Domestic Violence Report assessment via a polygraph test. The result of that assessment was that petitioner was not a primary aggressor in the assault he was charged with.

Based on that result, petitioner initiated the current post-conviction proceeding. He contends that his criminal defense counsel provided inadequate and ineffective representation under the state and federal constitutions, arguing that counsel should have obtained a psychosexual evaluation and a polygraph test before petitioner pleaded guilty. Petitioner claims that, had his counsel obtained those assessments, petitioner would not have "court involvement, probation, and damage to [his] criminal history." The post-conviction court denied relief. The court explained its ruling as follows:

> "a.   The evidence [p]etitioner complains was not obtained or review[ed] was inadmissible (the * * * lie detector test) or not relevant to the charges (a psycho-sexual evaluation).

"b.   Apparently, [p]etitioner wanted [t]rial [c]ounsel to believe he was innocent. Trial [c]ounsel is charged with evaluating the case against [p]etitioner and providing a competent defense, including investigation of the charges. This was done in [p]etitioner's case.

"c.   There is no factual or legal basis for this claim."

Petitioner appealed, asserting that the post-conviction court erred in rejecting his claim for relief.

The standards for post-conviction relief under both the state and federal constitutions are "functionally equivalent": a petitioner must show that defense counsel performed deficiently by failing to exercise reasonable professional skill and judgment and that petitioner was prejudiced as a result of the deficient representation. *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023). To demonstrate prejudice, where a petitioner alleges that counsel's inadequate advice affected the petitioner's decision to plead guilty, the petitioner must establish by a preponderance of the evidence that, but for counsel's deficient advice, the petitioner would have rejected the plea deal and insisted on a trial. *Moen v. Peterson*, 312 Or 503, 513, 824 P2d 404 (1991).

Here, the post-conviction court ultimately concluded that "[t]here is not factual or legal basis for this claim." Although the court's reasoning is opaque,[1] based on its conclusions that the polygraph test would not have been admissible, and that the psychosexual evaluation would not

---

[1] Petitioner picks up on this opaqueness by arguing on appeal that the post-conviction court applied the incorrect legal standard for prejudice when it denied post-conviction relief. While petitioner is correct that the court's written judgment is not phrased in a way that echoes the legal standard that governs a claim of inadequate or ineffective assistance of counsel, we understand the court to have ruled that it was not convinced the additional assessments would have affected petitioner's plea due to its inadmissibility and irrelevance. The court's conclusions on the admissibility of the polygraph test and the irrelevance of the psychosexual exam support its conclusion that petitioner's defense counsel was not inadequate or ineffective for not seeking those out prior to the plea deal. That is because the failure to seek out inadmissible or irrelevant evidence does not reflect the absence of reasonable professional skill and judgment. *See State v. Morgan*, 330 Or App 156, 163, ___ P3d ___ (2024) (citing *State v. Lyon*, 304 Or 221, 233-34, 744 P2d 231 (1987)) (holding that polygraph tests are inadmissible in Oregon); *Adams v. Nooth*, 239 Or App 613, 617-19, 245 P3d 173 (2010), *rev den*, 350 Or 130 (2011) (defense counsel not inadequate or ineffective for not introducing irrelevant evidence).

have been relevant to the charges—conclusions that petitioner has not challenged on appeal—the court correctly determined that petitioner had not demonstrated that petitioner was prejudiced by trial counsel's omissions to have a polygraph and psychosexual evaluation performed. That is because, in those circumstances, the court did not have to be persuaded that that information would have altered petitioner's decision to enter the plea that he did. In particular, the court was not required to be persuaded by the results of petitioner's year-late Domestic Violence Report assessment, especially given its timing and the fact that the methodology of that assessment was not disclosed. Although petitioner claims that he would not have "court involvement, probation, and damage to [his] criminal history," had his counsel obtained the assessments before petitioner pleaded guilty, petitioner does not explain how those assessments would have changed his decision to plead guilty, as required by *Moen*, 312 Or at 513. Lastly, to the extent petitioner claims he was prejudiced because he could have obtained a better plea deal had his counsel obtained the psychological and polygraph assessments, petitioner has not produced evidence that would allow a finding that the state would have offered a better plea deal based on those test results. *Missouri v. Frye*, 566 US 134, 150, 132 S Ct 1399, 182 L Ed 2d 379 (2012). Because petitioner did not demonstrate that any alleged deficiencies in his defense counsel's performance prejudiced him, the post-conviction court did not err in denying his petition for post-conviction relief. Accordingly, the judgment of the post-conviction court is affirmed.

Affirmed.