Argued March 7, affirmed September 20, 1967

# BUTCHER WARREN SEMMES, *Appellant, v.*
# WILLIARD, *Respondent.*

431 P. 2d 844

*Lawrence A. Aschenbrenner,* Public Defender, Salem, argued the cause and filed briefs for appellant.

*David H. Blunt,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

PERRY, C. J.

The petitioner sought post-conviction relief in the circuit court of Marion County. A hearing thereon was held and relief denied. From the judgment entered petitioner appeals.

The petitioner entered a plea of guilty to the crime of robbery by putting in fear, not being armed with a dangerous weapon, and was sentenced to three years in the Oregon Correctional Institution.

The burden of petitioner's plea of denial of his constitutional rights is that he entered his plea without benefit of counsel and, therefore, he did not voluntarily and knowingly waive his right to counsel and did not voluntarily and understandingly enter a plea of guilt.

The record discloses that a short time prior to the entry of the plea of guilty involved in this hearing the petitioner had entered a plea of guilty to the crime of robbery by putting in fear, not being armed with a dangerous weapon, in the circuit court of Yamhill County, Oregon, and was sentenced to the Oregon Correctional Institution for a period of seven years.

The crime here involved took place in Waldport, Lincoln County, Oregon, while the prior robbery occurred the day before in Dundee, Yamhill County, Oregon.

The petitioner was represented by court-appointed counsel when he entered his plea of guilty in Yamhill County, and states in his brief that "the facts of the Dundee incident were similar to those at Waldport,

except that at Waldport petitioner did not display the toy gun at the time the money was taken."

■ There can be no question but that the petitioner was thoroughly advised of his right to counsel prior to the entry of his plea and also that he knew of this right because he so stated in his trial.

Also, the court record prior to arraignment is in part as follows:

" * * * Are you represented in this matter by an attorney?

"MR. SEMMES: No, sir, I am not.

"THE COURT: Do you wish to be represented by an attorney?

"MR. SEMMES: No, sir, I do not.

"THE COURT: Well, irregardless of that, it is the duty of the Court to advise you that this is a serious charge and that if you do not have funds with which to employ an attorney and you wish to have an attorney appointed to represent you, that it is the duty of the Court to appoint an attorney to represent you at public expense. You are entitled to that, it's a right which you have. The Court feels that you ought to be represented in this matter by an attorney. What do you think you should do?

"MR. SEMMES: Your Honor, all I know is that I am guilty. There is no reason for me to have an attorney because I only feel that I have already taken away my freedom, so there's not much sense in having an attorney fight for me because I know I am guilty and I came here to say I'm guilty. I want to get the matter dealt with as fast as possible and back to where I belong.

"THE COURT: Well, are you sure in your own mind now you do not wish the services of an attorney to represent you in this matter?

"MR. SEMMES: Yes, sir, just be putting you to more money, more cost, which would be needless.

"THE COURT: You clearly understand what the Court has advised, you have a right to an attorney at public expense if you wish?

"MR. SEMMES: I realize that, sir.

"THE COURT: But you still want the Court to understand that you do not care to be represented by an attorney at this hearing?

"MR. SEMMES: Yes, sir."

After the indictment was read in open court, the following occurred:

" * * * I am asking again now, after having heard the indictment read to you and know what the indictment sets forth, I will ask you again if you wish to have the Court appoint an attorney for you if you have no means to provide an attorney yourself.

"MR. SEMMES: No, sir. I don't want an attorney."

Petitioner's principal contention then is that, even though the court advised him he needed an attorney and he refused, he did not knowingly and intelligently enter his plea of guilty because he did not know the elements of the crime, nor the full penalty that could be assessed.

At the hearing in the circuit court for Marion county, petitioner testified he was 19 years old at the time of the commission of the crime, had completed 10 years in the grade schools and received a high school diploma (G.E.D.) while serving in the United States Navy. He testified he waived counsel in the Lincoln County Circuit Court because he thought by reason of conversation with others he probably would receive a sentence to run concurrently with his sentence from Yamhill county, and would not have plead guilty had

he believed the court might cause his second sentence to run consecutively.

■ It appears to us that this contention of lack of knowledge of the full extent of the penalty for the crime of which he entered a plea of guilty is utterly immaterial under the facts of this case. At the time he entered his plea he was appraised of the fact that he could receive a sentence of at least seven years and that such sentence might or might not run concurrently with his present term.

Also, his statement that he did not know the elements of the crime to which he plead guilty rings hollow. Just a short time before, he had plead guilty to the same identical crime while being represented by counsel.

It is apparent from this record that the only element of the crime which he now contends he did not understand was the element of "putting in fear." After entering his plea of guilty in Lincoln county, the trial court asked him "what was your purpose of having the cap pistol on your person?" and he answered, "I don't really know, I felt if I waved it around people would get afraid and people wouldn't come after me." There seems to be no doubt but that he knew what was meant by "putting in fear."

The judgment is affirmed.