Argued and submitted April 8, Court of Appeals reversed and trial court affirmed
September 9, 1987

# SAMMY R. HARTZOG,
*Petitioner on Review,*

*v.*

# KEENEY,
*Respondent on Review.*

(TC 151,489; CA A37667; SC S33394)

742 P2d 600

Eric J. Johansen, Salem, argued the cause and filed the petition for petitioner on review.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent on review.

LENT, J.

**LENT, J.**

The issue in this post-conviction proceeding is whether in the proceedings resulting in petitioner's conviction there was a substantial denial of his constitutional rights so as to render his conviction void,[1] where before entering his guilty plea he was not aware of the possibility of imposition of a minimum sentence, and a minimum sentence was actually imposed under ORS 144.110(1).[2] We hold there was such a denial.

Petitioner was arrested and indicted for murder. He pleaded not guilty. Shortly before the date set for trial, plea bargaining resulted in an offer to reduce the charge to manslaughter in the first degree in return for a plea of guilty to that charge. Petitioner pleaded guilty to a district attorney's information charging the crime of manslaughter in the first degree. The criminal trial court sentenced petitioner to 20 years in the custody of the Corrections Division with a minimum term of 10 years to be served as allowed by ORS 144.110(1). He appealed, and the Court of Appeals affirmed from the bench. *State v. Hartzog,* 59 Or App 410, 651 P2d 750 (1982).

In the present post-conviction proceeding, petitioner has alleged that his constitutional right to have adequate counsel under Article I, section 11, of the Oregon Constitution and under the Sixth and Fourteenth Amendments to the Constitution of the United States was denied because his appointed criminal trial counsel did not advise him of the

---

[1] ORS 138.530(1) provides in pertinent part:

"Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction * * * of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void."

[2] ORS 144.110(1) provides:

"In any felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes."

In common parlance, a sentence under this statute is called a "mandatory" minimum, apparently because one so sentenced is not eligible for release on parole until the minimum term has been served unless four of the five members of the Board of Parole vote for earlier release. ORS 144.110(2)(a).

possibility that he could receive a minimum sentence of 10 years before being eligible for parole or work release. He further alleged that there was a substantial denial of his state and federal constitutional rights by reason of the failure of the criminal trial court to advise him of the possibility of a minimum sentence before he entered his guilty plea that resulted in his sentence.

Under ORS 138.620(2), petitioner had the burden in the post-conviction court to prove by a preponderance of the evidence that he was not advised of the possibility of a minimum sentence prior to entering a plea of guilty to the charge of manslaughter in the first degree. He presented evidence from which the post-conviction court found:

"Petitioner's trial attorney did not explain to Petitioner the possibility of his receiving a mandatory minimum sentence before his change of plea.

"The Court did not explain to Petitioner the possibility of his receiving a mandatory minimum sentence before his change of plea."[3]

The post-conviction court concluded that the failure of counsel to inform petitioner of the possibility of his receiving a mandatory minimum sentence before he entered his guilty plea constituted inadequate assistance of counsel. The court further concluded that the failure of the criminal trial court to advise petitioner of the possibility of a mandatory minimum sentence prior to entry of a guilty plea "resulted in a guilty plea that was not the result of a knowing and voluntary waiver of Petitioner's rights."

The post-conviction court's judgment was that petitioner's guilty plea "is hereby withdrawn and declared null and void" and that petitioner was to be delivered back to the county of his conviction for further proceedings.

Respondent appealed and challenged both conclusions of the post-conviction court. Respondent drew to the

---

[3] Both the post-conviction pleadings and the post-conviction court's findings are couched in terms of a change of plea. Actually, there was no change of plea with respect to the district attorney's information charging the crime of manslaughter in the first degree. Petitioner never entered any plea but guilty to that charge. No one has suggested that this has any significance to the resolution of the legal issues in this proceeding.

attention of the Court of Appeals that there was disputed evidence before the post-conviction court from which that court could have found that petitioner was apprised of the possibility of a minimum sentence between the entry of the plea and the pronouncement of sentence by reason of evidence that petitioner saw the presentence report recommending a minimum sentence and, nevertheless, did not attempt to withdraw his plea. Respondent conceded, however, that "this point was not urged below, and since the disputed question of fact was not resolved, we [sic] are not entitled to predicate reversal upon this theory. *See, e.g., State v. Hickman,* 273 Or 358, 360, 540 P2d 1406 (1975)." Respondent then invited the Court of Appeals to remand to let the post-conviction trial court resolve the dispute so as to form a basis for finding petitioner was not prejudiced by failure of the criminal trial court and counsel to advise him of the possibility of a minimum sentence.

■   The Court of Appeals ignored respondent's concession that the evidence was disputed as to whether petitioner was aware of the recommendation in the presentence report, that respondent in the post-conviction court had not asked that court to resolve the dispute and that that court had not resolved the dispute. *Hartzog v. Keeney,* 81 Or App 38, 724 P2d 835 (1986). Instead, the Court of Appeals inappropriately undertook factfinding contrary to ORS 138.650 and found that petitioner was aware of the recommendation in the presentence report.[4] Neither the Court of Appeals nor this court can try questions of fact on appeal in a post-conviction proceeding. That finding by the Court of Appeals will play no part in our consideration of this case.

Petitioner has relied on claims that his right to adequate assistance of counsel under both the state and federal

---

[4] ORS 138.650 provides:

"* * * The manner of taking the appeal and the scope of review by the Court of Appeals and the Supreme Court shall be the same as that provided by law for appeals in criminal actions * * *."

The Court of Appeals also mentioned that petitioner was aware of the possibility of receiving a minimum sentence because he was present for his sentencing "when the state recommended that he 'be sentenced to 20 years in the custody of the Oregon State Corrections Division with a mandatory minimum of 10 years.'" *Hartzog v. Keeney,* 81 Or App 38, 41, 724 P2d 835 (1986). That is true, but it occurred almost two months after he had entered his guilty plea without being first advised by court or counsel of the possibility of imposition of a minimum sentence.

constitutions has been denied. As logic requires, we shall address the claim under the state constitution first, for if petitioner prevails on that claim there is no need to address his claim of want of due process under the Fourteenth Amendment to the federal constitution.[5]

Article I, section 11, of the Oregon Constitution provides in part:

"In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel * * *."

In *Krummacher v. Gierloff*, 290 Or 867, 872, 627 P2d 458 (1981), a post-conviction proceeding, we held that this section calls for an adequate performance by appointed counsel of those functions of professional assistance which an accused person relies on counsel to perform on his behalf. We explained why we believed that it was impossible to state a "single, succinctly-stated standard, objectively applicable to every case." 290 Or at 874. Rather, we concluded that a degree of subjectivity and ad hoc judgment was necessarily involved.

---

[5] In *Lyons v. Pearce*, 298 Or 554, 564, 694 P2d 969 (1985), a post-conviction proceeding, we may have made a mistake in first commencing our analysis with consideration of ORS 135.425, which provides:

"(1) Defense counsel shall conclude a plea agreement only with the consent of the defendant, and shall ensure that the decision whether to enter a plea of guilty or no contest is ultimately made by the defendant.

"(2) To aid the defendant in reaching a decision, defense counsel, after appropriate investigation, shall advise the defendant of the alternatives available and of factors considered important by the defense counsel or the defendant in reaching a decision."

We called it "the applicable statute." Whether or not that statute was followed was of no moment in a post-conviction proceeding, for ORS 138.530(1) provides that the predicate for post-conviction relief is the substantial denial of constitutional rights. Where a statute purports to codify constitutional rights, it may be of assistance to examine the requirements of statute, *see Stelts v. State of Oregon*, 299 Or 252, 257-58, 701 P2d 1047 (1985), but in *Lyons* we stated that ORS 135.425 "was intended to embody established professional ethics regarding the role of defense counsel in negotiated pleas." 298 Or at 564. Because there should be little doubt that the duties imposed on counsel by ORS 135.425 are constitutionally required, we should have cited the statute for its embodiment of constitutional rights rather than for its relationship to professional ethics.

We observe that an awkward consequence of limiting post-conviction relief to constitutional issues forces us to decide constitutional issues in cases in which statutory rights of a defendant may have been violated, resulting in his conviction. This is contrary to our ordinary rule that we should not reach constitutional issues where a case could be decided on the basis of statute. This is a matter for the legislature, however, for we cannot amend ORS 138.530.

The opinion continued, however, by stating that there were certain acts of counsel such as failure timely to file appeals that were capable of "relatively objective assessment." Somewhere between conduct of that kind and purely subjective and ad hoc judgment on our part lay failure in other aspects of counsel's duty:

> "At a somewhat less [than objective] measurable level, counsel's functions include informing the defendant, in a manner and to the extent appropriate to the circumstances and to the defendant's level of understanding, of the existence and consequences of nontactical choices which are the defendant's to make, so as to assure that the defendant makes such choices intelligently. *This function of counsel is particularly important when a defendant is called upon to waive fundamental rights, as by a guilty plea or waiver of jury trial, see, e.g., Turner v. Cupp,* 49 Or App 671, 619 P2d 1357 (1980)." (Emphasis added.)

290 Or at 874-75. *Lyons v. Pearce,* 298 Or 554, 567, 694 P2d 969 (1985), after discussing some of our earlier cases involving adequacy of counsel, stated:

> "One function a criminal defense attorney performs for a client is to disclose the consequences of a guilty plea and conviction."

In *Krummacher* we did not have a case involving entry of a guilty plea; rather, we dealt with a case involving numerous strategic and tactical choices by counsel in trial of a complicated case. In the context of that case, we said:

> "[O]nly those acts or omissions by counsel which have a tendency to affect the result of the prosecution can be regarded as of constitutional magnitude * * *."

290 Or at 883.

In the instant case, the Court of Appeals held that the quoted sentence required this petitioner to show prejudice in order to prevail. 81 Or App at 41. We have already pointed out the context in which the statement in *Krummacher* was made. It is clear that advice concerning consequences of entry of a guilty plea has more than a mere "tendency to affect the result of the prosecution" of a criminal cause. As we held in *Lyons,* constitutionally adequate performance by counsel in advising a client whether to enter a negotiated plea of guilty entails disclosure of the consequences of a guilty plea and conviction.

When a maximum sentence, other than for a term of life, is pronounced without imposition of a minimum sentence, the felon may expect that if he faithfully observes the rules of the institution he will never have to serve the full sentence. ORS 421.120 provides for reduction of a sentence by one-third for such exemplary conduct; moreover, the statute mandates further significant reduction of the length of time to be actually served if the felon participates in certain work and educational activities. If no minimum sentence is imposed, the felon who faithfully observes the rules of the institution may generally (although not always) expect that he will be paroled in less than one-half the maximum time fixed unless his present crime and his criminal record are so bad that the matrix, ORS 144.780, would fix a longer time before parole release.

On the other hand, where a minimum sentence is imposed and not overridden by the Board of Parole under ORS 144.110(2)(a), the felon must serve that minimum sentence no matter how faithfully he observes the rules of the institution and participates in work and educational programs. That consequence is one of which an accused must be aware in order to make an informed decision to waive his right to trial and to enter a plea of guilty.

■      We hold that appointed counsel does not render adequate assistance under Article I, section 11, of the Oregon Constitution where counsel fails to advise a criminal defendant of the possibility of a minimum sentence under ORS 144.110(1) prior to the time that the defendant enters a plea of guilty. Such a failure is a substantial denial of a criminal defendant's Oregon constitutional right.

■      A substantial denial in the proceedings, resulting in conviction, of a petitioner's constitutional rights is not enough to afford post-conviction relief, however, for ORS 138.530(1)(a) also requires that the denial must render the conviction void. We hold that if there is evidence from which the post-conviction trial court finds that before pleading guilty the criminal defendant was otherwise aware of the possibility of imposition of a minimum sentence, appointed counsel's failure to advise does not render the conviction void. We further hold that the denial does not render the conviction void if the sentencing court does not impose a minimum sentence under the authority granted by ORS 144.110(1).

Here, there was no finding that petitioner was otherwise aware of the possibility of imposition of a minimum sentence, and the criminal trial court did impose a minimum sentence under ORS 144.110(1). We hold that petitioner was denied adequate assistance of appointed counsel under the Oregon Constitution, that the denial was substantial and that the denial rendered his conviction void.

This makes it unnecessary for us to examine petitioner's contention that his right to counsel under the Sixth Amendment, made applicable to the states by the Fourteenth Amendment, was violated. We decide nothing with respect to that claim.

Our disposition of petitioner's claim based on constitutionally inadequate assistance of appointed counsel also requires reversal of the Court of Appeals and affirmance of the trial court judgment without the necessity of reaching petitioner's other claim that there was a substantial denial of his constitutional rights by reason of failure of the criminal trial court to advise him of the possibility of imposition of a minimum sentence.

The decision of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.