Argued and submitted November 30, 1990, reversed and remanded February 20, 1991

Maynard C. MEYERS,
*Appellant,*

*v.*

Manfred (Fred) MAASS,
*Respondent.*

(88-C-10829; CA A64617)

806 P2d 695

Hari Nam S. Khalsa, Salem, argued the cause and filed the brief for appellant.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioner appeals from the dismissal of his petition for post-conviction relief. The issue is whether, and when, a criminal defendant must be advised of the potential application of the dangerous offender statute. ORS 161.725.

Petitioner pled guilty to first degree assault. He was sentenced as a dangerous offender and began serving a minimum sentence of 15 years, with a maximum of 30 years. In his petition for post-conviction relief, he alleged that he had been denied adequate assistance of counsel, because his trial attorney had failed to inform him of the dangerous offender statute and its consequences before entry of his plea.[1] He also alleged that, because of counsel's omission, his plea was unknowing and involuntary.

At the post-conviction hearing, the burden was on petitioner to prove his allegations by a preponderance of the evidence. ORS 138.620(2). The transcript of the plea proceeding shows that, contrary to ORS 135.385(2)(c),[2] the trial judge did not inform defendant of the possibility that he could be sentenced as a dangerous offender. In an affidavit, petitioner's trial counsel stated that he recalled "discussing the dangerous offender statute with [petitioner], although I do not recall the time or specifics of the discussion." After considering the evidence, the post-conviction court found that

"[t]rial counsel told petitioner about the dangerous offender

---

[1] We need not consider petitioner's arguments that disregard the post-conviction court's supportable findings of fact.

[2] ORS 135.385(2) provides that, before accepting a guilty plea, the trial court "shall inform the defendant":

"(a) That by a plea of guilty or no contest the defendant waives the right:

"(A) To trial by jury;

"(B) Of confrontation; and

"(C) Against self-incrimination.

"(b) Of the maximum possible sentence on the charge, including the maximum possible sentence from consecutive sentences.

"(c) When the offense charged is one for which a different or additional penalty is authorized by reason of the fact that the defendant may be adjudged a dangerous offender, that this fact may be established after a plea in the present action, thereby subjecting the defendant to different or additional penalty.

"(d) That if the defendant is not a citizen of the United States [conviction may result in deportation, nonadmission or denial of naturalization]."

statute; thus, petitioner was not harmed by any failure of the court to do so."

It concluded that petitioner was not denied his constitutional right to adequate assistance of counsel "such that he would be entitled to post-conviction relief."[3]

 Although petitioner briefly alludes to the fact that the trial court did not advise him of the dangerous offender statute, as mandated by ORS 135.385(2)(c), the gravamen of his appeal is that he was denied adequate assistance of counsel. Although we must limit our discussion accordingly, it has to be noted that the statute *requires* trial judges to inform a defendant that he may be adjudged a dangerous offender, *before accepting a guilty plea,* even when the defendant has entered into a negotiated plea agreement.

We turn to the issue raised in this case. Defendants who plead guilty and are sentenced under the dangerous offender statute must be advised of that statute before entry of their pleas. *Johnson v. Zenon,* 105 Or App 621, 805 P2d 750 (1991). Defense counsel's failure to advise a defendant of the dangerous offender statute *before entry of a guilty plea* is analogous to failing to advise of the potential application of the "mandatory minimum" statute, as in *Hartzog v. Keeney,* 304 Or 57, 742 P2d 600 (1987). Without that information, criminal defendants are unable to ascertain their "full potential exposure to incarceration." *Moen v. Peterson,* 103 Or App 71, 74, 795 P2d 1109, *on reconsideration,* 104 Or App 481, 802 P2d 76 (1990). In both cases, the attorney's failure to disclose the maximum penalties that could be imposed constitutes inadequate assistance of counsel. *See Hartzog v. Keeney, supra,* 304 Or at 64.

 A denial of the constitutional right to adequate counsel does not automatically result in post-conviction relief. ORS 138.530(1)(a) requires that the denial be of such magnitude that it "render[s] the conviction void." If, for example, a

---

[3] Under ORS 138.530(1)(a), post-conviction relief must be granted when the petitioner establishes

"A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void."

defendant is "otherwise aware" of the potential sentence at the appropriate time, failure to advise is harmless. *Hartzog v. Keeney, supra,* 304 Or at 64. Here, the post-conviction court found that, although the trial court did not advise defendant of the dangerous offender statute, trial counsel did. However, it made no finding as to whether that advice was given before the entry of defendant's guilty plea. We cannot discern whether the court impliedly found that defendant was "otherwise aware" of the dangerous offender statute or whether it determined that defendant had failed—because of a lack of credibility or evidence—to prove his allegation. Therefore, we remand for the court to state its reasons for concluding that defendant was not entitled to post-conviction relief. *Haynes v. Keeney,* 85 Or App 473, 476, 737 P2d 149 (1987).

Should the post-conviction court find, on remand, that defendant has proven by a preponderance of the evidence that trial counsel did not advise him of the dangerous offender statute and that he was not otherwise aware of the statute's potential effect, *before entry of his plea,* then defendant's plea was not knowingly and voluntarily made and his conviction is void. *Hedin v. Cupp,* 304 Or 66, 70, 742 P2d 604 (1987); *Hartzog v. Keeney, supra,* 304 Or at 64, 65. In that case, "th[e] cause must be remanded to the trial court to grant relief pursuant to ORS 138.520." *Stelts v. State,* 299 Or 252, 261, 701 P2d 1047 (1985).

Reversed and remanded.