Submitted on record and briefs January 27, affirmed June 11, petition for review denied October 7, 1997 (326 Or 62)

KENNETH DALE SMART,
*Appellant,*

*v.*

Manfred (Fred) MAASS,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(94-C-12650; CA A91973)

939 P2d 1184

Jay Edwards filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Petitioner appeals from a judgment entered after he sought post-conviction relief from his conviction and sentence for eight counts of third-degree rape. ORS 163.355. We affirm.

In January 1992, petitioner signed a confession in which he admitted that, over a two- to three-month period in 1989, he had sexual intercourse with the family babysitter, a 14-year-old girl, "at least 15 times." In March 1992, he was indicted on one count of third-degree rape, and a lawyer was appointed to represent him. When that lawyer withdrew, Steven W. Plinski, who had served as the prosecutor in a criminal case against petitioner 13 years earlier, was appointed as petitioner's counsel. Sometime later, the third-degree rape indictment was dismissed, and petitioner was indicted on eight counts of third-degree rape based on the same underlying allegations as in the original indictment. Plinski was reappointed to represent petitioner. At petitioner's jury trial, the January 1992 confession was admitted into evidence. The jury convicted petitioner on all eight counts. Within a few days of the trial, petitioner filed a complaint against Plinski with the Oregon State Bar. Based on the conflict between petitioner and Plinski that arose from that complaint, the trial court allowed Plinski to withdraw as petitioner's counsel. Petitioner appeared *pro se* at his sentencing hearing. He appealed, and we affirmed from the bench. *State v. Smart*, 124 Or App 682, 865 P2d 1340 (1993), *rev den* 318 Or 479 (1994).

Petitioner then filed this action, making multiple claims of inadequate assistance of both trial and appellate counsel and violations of his constitutional rights. The post-conviction court vacated petitioner's sentence but denied his other claims for post-conviction relief. On appeal, petitioner contends that the post-conviction court erred in failing to grant relief with respect to his claims that he was denied his right to adequate assistance of counsel because Plinski had once prosecuted him and because Plinski failed to file a motion to disqualify the trial judge.

■■ Our review in post-conviction proceedings is limited to errors of law and whether the facts found by the post-conviction court are supported by the record. *Temple v. Zenon*, 124 Or App 388, 393, 862 P2d 585 (1993). Petitioner is entitled to relief if he proves, by a preponderance of the evidence, that he suffered a substantial denial of a state or federal constitutional right in the proceeding below. ORS 138.620(2); ORS 138.530(1)(a). To prevail on a claim of inadequate assistance of counsel, "[t]he burden is on petitioner to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991).

Petitioner relies on *United States v. Ziegenhagen*, 890 F2d 937, 940 (7th Cir 1989), for the proposition that "government employment in a prosecutorial role against one defendant and subsequent representation of that defendant in a defense capacity is not proper." That reliance is misplaced. In *Ziegenhagen*, the defendant was represented by Martin Hanson, who, unbeknownst to anyone, had appeared 20 years earlier at a sentencing hearing on behalf of the district attorney to recommend the length of sentence to be imposed against the defendant on two convictions. Those 20-year-old convictions were relied on to enhance the sentence in the later case in which Hanson represented the defendant. *Id.* at 938. Because Hanson had prosecuted the defendant in a case that had a substantial connection to the case in which Hanson subsequently represented the defendant, the court held that Hanson had a conflict of interest and that prejudice was to be presumed. *Id.* at 940-41.

■ Here, petitioner has established no connection between the case in which Plinski acted as the prosecutor and the case underlying petitioner's claims for post-conviction relief. *Accord Maiden v. Bunnell*, 35 F3d 477 (9th Cir 1994) (former prosecutor, who had successfully prosecuted the defendant in an unrelated burglary case three years earlier, did not have an actual conflict where the record was devoid of evidence suggesting that the two cases were "substantially related"); *cf. State v. Gibbons*, 1 Or App 374, 462 P2d 680 (1969) (former district attorney who signed the

defendant's indictment and appeared for the state on preliminary matters should not have undertaken defense of that case after returning to private practice). Because petitioner has failed to establish that Plinski had a conflict of interest, prejudice may not be presumed. Neither has petitioner demonstrated how Plinski's role as a prosecutor 13 years earlier adversely affected Plinski's trial performance as petitioner's defense counsel. The post-conviction court did not err in denying petitioner's claim for relief based on Plinski's alleged conflict of interest.

We turn to petitioner's claim that Plinski provided inadequate assistance of counsel by failing to file a timely motion to disqualify the trial judge. Petitioner argues that "the decision to disqualify [the judge] was a fundamental choice that was the petitioner's to make" and that "[i]t was incumbent on trial counsel to effectuate this decision."

It is unclear from the record whether Plinski did, in fact, ask the judge to recuse himself.[1] Even assuming, without deciding, that Plinski failed to move to disqualify the judge and that his failure to do so amounted to deficient performance, petitioner has not demonstrated that he was prejudiced by that error. *Trujillo*, 312 Or at 435. The post-conviction court did not err in denying petitioner's claim for relief based on counsel's failure to file a motion to disqualify the trial judge.

Petitioner's third assignment of error presents essentially the same arguments as his first two assignments and does not require additional discussion.

Affirmed.

---

[1] The record contains two identical judgments. One was signed by the post-conviction judge on January 8, 1995, and the other was signed by the same judge on January 19, 1995. Both judgments incorporate documents entitled "Findings of Fact and Conclusions of Law." Each of those documents was signed by the post-conviction judge on the same date as the judgment to which it is attached. The document signed on January 8, 1995, includes a finding that "[t]rial counsel did ask [the judge] to recuse himself from petitioner's case." That finding does not appear in the document dated January 19, 1995. The parties appear to agree that the January 19 judgment is the final judgment in the case, and it is that judgment and the document attached to it that we have reviewed.