Argued and submitted October 5, 2004, judgment granting post-conviction relief vacated; remanded with instructions to vacate convictions February 2, 2005

## SHIRLEY HINTON,
*Appellant,*

*v.*

## Jean HILL,
Superintendent,
Eastern Oregon Correctional Institution,
*Respondent.*

## 01C-10035; A121726

105 P3d 923

Kevin T. Lafky argued the cause and filed the brief for appellant.

Kathleen Cegla, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

BREWER, C. J.

## BREWER, C. J.

Petitioner appeals a judgment granting post-conviction relief, arguing, among other things, that the post-conviction court erred by failing to conclude that her convictions were void after finding that, before entering her no contest pleas, petitioner was not informed of the maximum sentences that could be imposed. We review the court's legal conclusions for errors of law. *Ashley v. Hoyt*, 139 Or App 385, 391, 912 P2d 393 (1996). We vacate the judgment and remand with instructions to grant the relief requested by petitioner.

We state the pertinent facts as found by the post-conviction court or that are undisputed in the record. *Smart v. Maass*, 148 Or App 431, 434, 939 P2d 1184, *rev den*, 326 Or 62 (1997). After entering no contest pleas, petitioner was convicted of six counts of first-degree sexual abuse. The parties did not reach a sentencing agreement. However, before entering her pleas, petitioner signed a plea petition. The petition stated that the maximum incarcerative sentence for the six offenses was a total of 226 months. In fact, the maximum total incarcerative sentence, if imposed consecutively and by upward departure, was 496 months. The trial court sentenced petitioner to a total of 366 months' imprisonment on the six convictions. The post-conviction court found that "petitioner was not informed of the potential incarceration beyond 226 months."[1]

Petitioner appealed her convictions, and this court affirmed without opinion. *State v. Hinton*, 172 Or App 483, 19 P3d 390 (2001). Petitioner then filed this action for post-conviction relief. For her claim, petitioner relied on ORS 138.530, which provides, in part:

"(1)  Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(a)  A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof,

---

[1] The state contested that issue before the post-conviction court. However, on appeal, it concedes that there is evidence in the record to support the court's finding and that, therefore, we are bound by it. *Smart*, 148 Or App at 434.

of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void."

Petitioner asserted, among other grounds for relief, that she was denied adequate assistance of counsel under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution, because her attorney failed to inform her of the maximum sentences possible under the plea process that resulted in her convictions.

In deciding the case, the post-conviction court made written findings of fact and conclusions of law. Although, as discussed, the court found that petitioner was not informed that her total sentence could exceed 226 months, the court concluded that petitioner was not denied adequate assistance of counsel under the Oregon or United States constitutions. The court concluded that "[p]etitioner has failed to prove by a preponderance of the evidence that trial counsel's conduct and defense of petitioner was ineffective and inadequate or that her defense was prejudiced by her counsel's performance * * *." In addition, the court determined that petitioner "knowingly, freely, and intelligently gave up her rights and entered no contest pleas to six counts of Sexual Abuse in the First Degree." Despite those determinations, the court "grant[ed] post-conviction relief as to the knowing, voluntary and intelligent plea as set forth in a Judgment, separately entered." The judgment provided, in part:

"[P]etitioner's First Amended Petition for Post-Conviction Relief [is] allowed. Petitioner's sentence in the case of [*Hinton*], is hereby set aside. The case is remanded to the trial court for further proceedings. If the plaintiff, the State of Oregon, wishes to pursue a sentence greater than 226 months prison, or if the trial court desires to sentence petitioner to an incarceration term greater than 226 months, then petitioner shall be allowed to withdraw her previously entered pleas of no contest and all parties shall proceed thereafter accordingly. The State of Oregon may proceed with the original 24 count indictment as well as any additional prosecutable offenses. If the State of Oregon does not elect to pursue a sentence greater than 226 months prison, the trial court may impose sentence accordingly."

In related assignments of error, petitioner asserts that the post-conviction court erred (1) in concluding that petitioner knowingly and voluntarily entered her pleas, despite having found that petitioner was not informed of the maximum possible sentence under the plea process, and in concluding, concomitantly, that petitioner was not denied adequate assistance of counsel, and (2) in setting aside petitioner's sentences without also vacating the underlying convictions. The state responds that, although the post-conviction court's findings and conclusions appear to be internally inconsistent, the court had authority under ORS 138.520 to craft the judgment that it entered.[2]

To prevail in a claim for post-conviction relief on the basis of inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution, a petitioner must show, by a preponderance of the evidence, that his or her counsel did not exercise reasonable professional judgment or skill and that the petitioner suffered prejudice as a result. *Stevens v. State of Oregon*, 322 Or 101, 108, 902 P2d 1137 (1995). To establish a violation of the Sixth Amendment to the United States Constitution, a petitioner must prove that counsel's representation fell below an objective standard of reasonableness and that counsel's performance prejudiced the defense. *Strickland v. Washington*, 466 US 668, 687-88, 104 S Ct 2052, 80 L Ed 2d 674 (1984).

We agree that the post-conviction court's findings and conclusions and the judgment are internally inconsistent. As noted, petitioner sought post-conviction relief under ORS 138.530(1)(a), and the court granted petitioner relief. That decision was consistent with the court's finding of fact that petitioner was not informed of the maximum sentences to which her pleas exposed her. However, it was not consistent with the court's determinations that petitioner knowingly and voluntarily made her pleas and that she was not deprived of constitutionally adequate representation. Simply

---

[2] ORS 138.520 provides, in part, that "[t]he relief which a court may grant or order under ORS 138.510 to 138.680 shall include release, new trial, modification of sentence, and such other relief as may be proper and just."

put, the court could not have granted petitioner post-conviction relief and consistently have concluded that petitioner's constitutional rights were not violated. Post-conviction relief is not available under ORS 138.530(1)(a) unless the petitioner establishes a "substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both."[3] Furthermore, post-conviction relief is not available under that subsection unless the denial of constitutional rights is so substantial as to *void* the convictions.

■■■■ Because evidence in the record supports the post-conviction court's finding that petitioner was not informed of the maximum sentences for the crimes of which she was convicted, it follows that she was denied adequate assistance of counsel under Article I, section 11, and the Sixth Amendment. "A plea of guilty cannot be said to be understandingly made if the defendant does not know the legal consequences of such a plea. Included among these consequences is the maximum sentence that can be imposed." *Dixon v. Gladden*, 250 Or 580, 585, 444 P2d 11 (1968). A denial of the constitutional right to adequate counsel results in post-conviction relief under ORS 138.530(1)(a) if the denial is of such magnitude that it "render[s] the conviction void." *Hartzog v. Keeney*, 304 Or 57, 64, 742 P2d 600 (1987). If a defendant is "otherwise aware" of the potential sentence before entering his or her plea, the failure to inform is harmless. *Id*. If, however, the defendant is not so informed before entering his or

---

[3] To be sure, ORS 138.530(1)(a) does not provide the exclusive ground for granting post-conviction relief. Subsection (1) of the statute sets out three additional possible grounds:

"(b) Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction.

"(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence.

"(d) Unconstitutionality of the statute making criminal the acts for which petitioner was convicted."

Petitioner did not make claims based on any of those alternative grounds. In particular, she did not challenge her sentences under paragraph (1)(b) on the ground that they were not in accordance with law for the crimes of conviction.

her plea and is prejudiced as a consequence, the constitutional violation is of such a magnitude as to void the conviction under ORS 138.530(1)(a). *Meyers v. Maass*, 106 Or App 32, 36, 806 P2d 695 (1991).

In *Meyers*, the petitioner had received a dangerous offender sentence. The post-conviction court found that, although, in taking the defendant's guilty plea, the trial court did not advise the petitioner of the existence and sentencing implications of the dangerous offender statute, trial counsel had done so. However, the post-conviction court made no finding as to whether that advice was given before the entry of the petitioner's guilty plea. We stated:

> "We cannot discern whether the court impliedly found that defendant was 'otherwise aware' of the dangerous offender statute or whether it determined that defendant had failed—because of a lack of credibility or evidence—to prove his allegation. Therefore, we remand for the court to state its reasons for concluding that defendant was not entitled to post-conviction relief.

> "Should the post-conviction court find, on remand, that defendant has proven by a preponderance of the evidence that trial counsel did not advise him of the dangerous offender statute and that he was not otherwise aware of the statute's potential effect, *before entry of his plea*, then defendant's plea was not knowingly and voluntarily made and his conviction is void. In that case, the cause must be remanded to the trial court to grant relief pursuant to ORS 138.520."

*Id.* (internal citations and some quotation marks omitted; emphasis in original).

Here, in contrast to *Meyers*, the post-conviction court expressly found that petitioner was not accurately informed of the maximum sentences to which she was exposed before entering her pleas. Moreover, the trial court sentenced her to a total incarcerative sentence in excess of the putative maximum sentence set out in the plea petition. *Cf. Semmes v. Williard*, 247 Or 583, 431 P2d 844 (1967) (where the petitioner argued that he did not knowingly and intelligently enter his plea of guilty because he did not know the full penalty that could be assessed, post-conviction relief was not

proper because the petitioner was sentenced to a lesser incarcerative term than he believed was authorized). Accordingly, petitioner was prejudiced by the constitutional violation.

It follows that the post-conviction court properly granted petitioner post-conviction relief but erred in its choice of a remedy. Because the constitutional violations were of such a magnitude as to void petitioner's convictions and, thus, authorize relief under ORS 138.530(1)(a), the court could not merely vacate petitioner's sentences and remand to the trial court for further proceedings that at the election of the prosecutor or the trial court, might, but need not, invalidate petitioner's convictions. In that regard, the state's reliance on ORS 138.520 is unavailing. That statute authorizes a post-conviction court to "grant such other relief as may be proper and just." However, it does not authorize relief that is inconsistent with the requirements of the specific statute under which relief is granted.

Here, ORS 138.530(1)(a) required the post-conviction court, in granting relief, to treat petitioner's convictions as void. Accordingly, that court was required to vacate the convictions. We therefore vacate the judgment and remand with instructions that it do so. Petitioner's remaining claims of error do not require discussion.

Judgment granting post-conviction relief vacated; remanded with instructions to vacate convictions.