On respondent's petition for reconsideration filed April 28, 2005, and appellant's response to motion for relief from default and response to petition for reconsideration filed May 3, reconsideration allowed; former opinion (197 Or App 238, 105 P3d 923) clarified and adhered to as clarified August 3, petition for review allowed December 28, 2005 (339 Or 700)

SHIRLEY HINTON,
*Appellant,*

*v.*

Jean HILL,
Superintendent,
Eastern Oregon Correctional Institution,
*Respondent.*

01C10035; A121726

117 P3d 1066

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jennifer S. Lloyd, Attorney-in-Charge, Collateral Remedies and Capital Appeals Unit, for petition.

Kevin T. Lafky for response.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

BREWER, C. J.

**BREWER, C. J.**

In our former opinion in this case, we held that the post-conviction court erred by granting petitioner post-conviction relief without vacating her convictions. *Hinton v. Hill*, 197 Or App 238, 105 P3d 923 (2005). We concluded that, under ORS 138.530(1)(a), post-conviction relief was available to petitioner only if her convictions were void and, therefore, relief could not be granted without vacating the convictions. The state has petitioned for reconsideration, arguing that our conclusion is inconsistent with the Supreme Court's decision in *Shipman v. Gladden*, 253 Or 192, 453 P2d 921 (1969). We disagree that *Shipman* is at odds with our conclusion. This case is controlled by *Hartzog v. Keeney*, 304 Or 57, 64, 742 P2d 600 (1987), a case on which we relied in our former opinion. Accordingly, we grant reconsideration, clarify our former opinion in light of the state's argument, and adhere to that opinion as clarified.

This case, *Hartzog*, and *Shipman* all interpreted ORS 138.530(1)(a), which provides:

"(1)   Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(a)   A substantial denial *in the* proceedings *resulting in* petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void."

(Emphasis added.)

Here, petitioner sought relief under that statute on the ground that her trial counsel was inadequate in failing to inform her of the maximum possible sentence that she could receive under her plea agreements. Her counsel advised her that the maximum term of imprisonment that the court could impose was 226 months. However, the trial court sentenced her to a total of 366 months' imprisonment. The post-conviction court granted petitioner relief by vacating her sentences and remanding the case; the court refused to vacate her convictions. The court indicated that, on remand, petitioner's convictions should be vacated only if the state wished

to pursue a sentence of more than 226 months' imprisonment. Otherwise, the court stated, "[T]he trial court may impose sentence accordingly." We reversed on the ground that the relief ordered by the post-conviction court was not the appropriate relief.

We noted that "post-conviction relief is not available under [ORS 138.530(1)(a)] unless the denial of constitutional rights is so substantial as to *void* the convictions." *Hinton*, 197 Or App at 243 (emphasis in original). We reasoned that, because relief was available only if petitioner's convictions were void, it followed that relief could not be granted without vacating the convictions. In reaching that conclusion, we relied on *Hartzog*.

In *Hartzog*, the Supreme Court held that post-conviction relief is not available under ORS 138.530(1)(a) unless the petitioner's conviction is void. In that case, the petitioner argued that his trial counsel was inadequate in failing to advise him that, under his guilty plea, he could receive a minimum 10-year sentence before being eligible for parole or work release. He did, in fact, receive a minimum sentence. The Supreme Court agreed that the petitioner's counsel was inadequate, but that did not end its inquiry. Interpreting ORS 138.530(1)(a), the court held that "[a] substantial denial in the proceedings, resulting in conviction, of a petitioner's constitutional rights is not enough to afford post-conviction relief, however, for ORS 138.530(1)(a) also requires that the denial must render the conviction void." *Hartzog*, 304 Or at 64. The court then held that the denial of the petitioner's rights rendered his conviction void and affirmed the trial court's order vacating it.

The court reiterated that interpretation of ORS 138.530(1)(a) in *Moen v. Peterson*, 312 Or 503, 824 P2d 404 (1991). In *Moen*, the court stated that ORS 138.530(1)(a) "directs the court to grant post-conviction relief *only* when 'a substantial denial' of constitutional rights occurred in the proceedings resulting in petitioner's conviction, which renders the conviction void." *Id.* at 513 (emphasis added). As in *Hartzog*, the court decided that the appropriate relief was to vacate the void convictions.

In *Shipman*, the Supreme Court held that post-conviction relief was available under ORS 138.530(1)(a) even

though the petitioner's conviction was not void. In that case, the petitioner asserted that she had been denied adequate assistance of trial counsel because her counsel failed to timely file a notice of appeal. The post-conviction court entered an order granting the petitioner a delayed appeal. The Supreme Court affirmed. It held that (1) counsel's failure to file a notice of appeal violated petitioner's rights under the United States Constitution, (2) that violation was subject to "appellate review" under ORS 138.530(1)(a), and (3) the relief granted was appropriate. In reaching the third conclusion, the Supreme Court stated that it was "satisfied that unless appropriate relief is granted the denial of [the] petitioner's rights that occurred in this case will render his conviction void." *Shipman*, 253 Or at 203. The court decided that the appropriate relief in that case was not to vacate the conviction but rather to grant a delayed appeal.

The state argues that the court in *Shipman* interpreted ORS 138.530(1)(a) to authorize post-conviction relief not only where a denial of constitutional rights "rendered the conviction void"—as the statute states—but also where the conviction will become void if no relief is granted. The state further argues that the court's interpretation of ORS 138.530(1)(a) in *Shipman* has become part of the statute. The state does not attempt to reconcile *Shipman* with *Hartzog* or *Moen*; it cites neither of the latter two decisions in its petition for reconsideration. In fact, *Hartzog* and *Shipman* have never been cited in the same appellate opinion. There is a good reason for that.

ORS 138.530(1)(a) authorizes post-conviction relief where a petitioner's rights have been abridged during one of two stages of the judicial process—either (1) "in the proceedings resulting in petitioner's conviction" or (2) "in the appellate review thereof[.]" In *Hartzog* and *Moen*, the violations occurred "in the proceedings resulting in" the petitioners' convictions. In contrast, the violation in *Shipman* occurred "in the appellate review thereof." The inadequacy of counsel in that case did not "result in" the conviction itself but rather prevented the petitioner from challenging the conviction on direct appeal. The petitioner in that case received the remedy he sought: a delayed appeal that prevented the conviction from becoming void. Here, on the other hand, counsel's inadequate representation resulted in petitioner's conviction.

*Hartzog* therefore is controlling, and the conviction is "rendered * * * void."

Unlike the remedy imposed in *Shipman*, the remedy imposed by the post-conviction court here did not place petitioner in her *status quo ante* but for her counsel's inadequate representation. To achieve that result, it is necessary to afford petitioner a new opportunity to decide whether to plead guilty and, if she chooses to plead guilty, another opportunity to advocate before the sentencing court for a lesser sentence than the putative maximum sentence under the former plea agreement. The post-conviction court's remedy altered those rights by giving the state and the sentencing court on remand the power to reinstate petitioner's conviction by not seeking or imposing a greater sentence than the putative maximum under the plea agreement. Thus, the state is wrong in suggesting that, as in *Shipman*, the constitutional problem in this case can be remedied without vacating the conviction. Whereas the prejudice to the *Shipman* petitioner could be remedied by granting a delayed appeal, the prejudice to petitioner here can only be remedied if, on remand, she is given the choice whether to go to trial and, if she pleads guilty, the right to argue for a more lenient sentence than the putative maximum sentence under the plea agreement.

No case supports a different conclusion, certainly not *Shipman*. To the contrary, in *Fisher v. Wright*, 106 Or App 772, 773, 809 P2d 724 (1991), for example, we addressed a variation on the instant problem where the post-conviction court's findings were inadequate:

> "Petitioner contends that his trial counsel failed to inform him of the possibility of a minimum sentence before he entered his guilty plea. If he did not otherwise have knowledge of the possibility of a minimum sentence, counsel's failure to inform him renders his convictions void. [*Hartzog*]. * * * *See Meyers v. Maass*, 106 Or App 32, 806 P2d 695 (1991)."

(Footnote omitted.)

To repeat, like *Hartzog* and *Moen*, this case involves the conditions under which a post-conviction court may grant relief to a petitioner claiming inadequate assistance of trial

counsel due to counsel's failure to advise the petitioner of the maximum possible sentence under a plea agreement. In contrast, *Shipman* involved an error in the appellate process that, as discussed, did not result in the conviction itself. *Hartzog* and *Moen* are controlling, and we properly relied on their holdings in our former opinion in this case.

Reconsideration allowed; former opinion clarified and adhered to as clarified.