Argued and submitted May 8, decision of Court of Appeals reversed; judgment of post-conviction court affirmed, and case remanded to circuit court for further proceedings December 29, 2006, reconsideration denied February 6, 2007

SHIRLEY HINTON,
*Respondent on Review,*

*v.*

Jean HILL,
Superintendent,
Eastern Oregon Correctional Institution,
*Petitioner on Review.*

(CC 01C10035; CA A121726; SC S52819)

149 P3d 1205

Kathleen Cegla, Assistant Attorney General, argued the cause for petitioner on review. With her on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, Salem.

Kevin T. Lafky, Salem, argued the cause and filed the brief for respondent on review.

Before, De Muniz, Chief Justice, and Carson, Gillette, Durham, Balmer, and Kistler, Justices.**

DE MUNIZ, C. J.

---

** Riggs, J., retired September 30, 2006, and did not participate in the consideration or decision of this case. Walters, J., did not participate in the consideration or decision of this case.

## DE MUNIZ, C. J.

In this post-conviction case, the Court of Appeals held that the post-conviction court erred in failing to void petitioner's convictions. *Hinton v. Hill*, 197 Or App 238, 105 P3d 923, *on recons*, 201 Or App 131, 117 P3d 1066 (2005). We allowed defendant's (superintendent's) petition for review to determine whether the post-conviction court's alternative remedy was consistent with the authority granted to the post-conviction court in the Post-Conviction Hearing Act. For the reasons that follow, we reverse the Court of Appeals decision and affirm the judgment of the post-conviction court.

In the underlying criminal case, the state charged petitioner with 24 counts of sexual misconduct.[1] Petitioner eventually pleaded no contest to six counts of first-degree sexual abuse. The plea petition that petitioner signed erroneously stated that the maximum period of incarceration to which petitioner could be sentenced was 226 months. The maximum lawful sentence, however, was 496 months. Ultimately, the trial court sentenced petitioner to a total of 366 months.

Petitioner appealed her convictions, and the Court of Appeals affirmed without opinion. *State v. Hinton*, 172 Or App 483, 19 P3d 390 (2001). Petitioner subsequently filed a petition for post-conviction relief. Petitioner claimed that she was denied adequate assistance of counsel under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution because her counsel had failed to inform her correctly about the maximum possible sentence under her plea agreement with the state. Petitioner contended that her convictions therefore had been obtained unlawfully and that she was entitled to relief under ORS 138.530(1)(a) (part of the Post-Conviction Hearing Act).

The post-conviction court determined that petitioner's trial counsel had not informed her that, based on her plea, the trial court lawfully could impose a sentence that

---

[1] Although the superintendent petitioned this court for review, we refer to Hinton, the petitioner in this proceeding before the post-conviction court, as "petitioner" in this opinion.

exceeded 226 months. Nevertheless, the post-conviction court concluded that petitioner had "failed to prove by a preponderance of the evidence that trial counsel's conduct and defense of petitioner was ineffective and inadequate or that her defense was prejudiced by her counsel's performance * * *." The court also determined that petitioner "knowingly, freely and intelligently gave up her rights and entered no contest pleas to six counts of Sexual Abuse in the First Degree." Nevertheless, the court granted petitioner post-conviction relief. The court's judgment provided, in part:

> "[P]etitioner's First Amended Petition for Post-Conviction Relief [is] allowed. Petitioner's sentence * * * is hereby set aside. The case is remanded to the trial court for further proceedings. If the [state] wishes to pursue a sentence greater than 226 months prison, or if the trial court desires to sentence petitioner to an incarceration term greater than 226 months, then petitioner shall be allowed to withdraw her previously entered pleas of no contest and all parties shall proceed thereafter accordingly. The State of Oregon may proceed with the original 24 count indictment as well as any additional prosecutable offenses. If the State of Oregon does not elect to pursue a sentence greater than 226 months prison, the trial court may impose sentence accordingly."

Petitioner appealed, asserting that the post-conviction court had erred by setting aside petitioner's sentences without also vacating the underlying no contest pleas, after it found that petitioner had not been informed of the maximum sentence possible under the plea agreement. The Court of Appeals concluded that petitioner's six no contest pleas had been involuntary because petitioner erroneously had been informed that her sentence of incarceration could not exceed 226 months. *Hinton*, 197 Or App at 242-43. Contrary to the post-conviction court's conclusion, the Court of Appeals further held that petitioner had established that she had been denied adequate assistance of counsel. Additionally, the Court of Appeals concluded that the remedy that the post-conviction court had ordered had exceeded that court's statutory authority. According to the Court of Appeals, the post-conviction court "could not merely vacate petitioner's sentences and remand to the trial court for further proceedings" that may or may not result in her convictions being

vacated. *Id.* at 245. Instead, the Court of Appeals held that "ORS 138.530(1)(a) required that the post-conviction court * * * vacate [petitioner's] convictions." *Id.*

The superintendent petitioned the Court of Appeals for reconsideration, arguing that the post-conviction court's election to vacate petitioner's sentences and not her convictions was appropriate under ORS 138.520. *Hinton*, 201 Or App 131. The Court of Appeals disagreed. The court reaffirmed its earlier decision concluding that the post-conviction court's remedy did not "place petitioner in her *status quo ante* but for her counsel's inadequate representation" and reiterated that the "state is wrong in suggesting that * * * the constitutional problem in this case can be remedied without vacating the conviction." *Id.* at 136. As noted, we allowed the superintendent's petition for review.

On review, the superintendent does not challenge petitioner's entitlement to post-conviction relief. Instead, the superintendent challenges the Court of Appeals' conclusion that ORS 138.530(1) required the post-conviction court to vacate the underlying convictions. The issue that we must decide, therefore, is whether, after a petitioner has established entitlement to post-conviction relief under ORS 138.530(1), the post-conviction court may cure the violation of petitioner's constitutional rights with a remedy other than vacating petitioner's no contest pleas.

We turn to the applicable sections of the Post-Conviction Hearing Act, ORS 138.530(1), which outlines the grounds that a petitioner must establish to obtain relief, and ORS 138.520, which describes the relief that a post-conviction court may grant after determining that a petitioner has established a claim. Specifically, ORS 138.530 provides, in part:

"(1)   Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(a)   A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

"(b) Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction.

"(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence.

"(d) Unconstitutionality of the statute making criminal the acts for which petitioner was convicted."

ORS 138.520 describes the relief that the post-conviction court may grant if it finds that a petitioner has established a claim for relief:

"The relief which a court may grant or order under [the Post-Conviction Hearing Act] shall include release, new trial, modification of sentence, and *such other relief as may be proper and just.*"

(Emphasis added.)

Here, the superintendent asserts that the Court of Appeals narrowed improperly the range of remedies available to the post-conviction court under ORS 138.520. According to the superintendent, the Court of Appeals decision leaves the post-conviction court powerless to fashion any appropriate remedy, which, in turn, undermines the text, purpose, and meaning of the Post-Conviction Hearing Act. The superintendent argues that the post-conviction court is not required to vacate the underlying convictions in all cases where it grants relief under ORS 138.530(1)(a).

For her part, petitioner argues that, when the error complained of is the failure to properly inform a criminal defendant of the correct maximum sentence, and that defendant enters a plea based on that incorrect information, the only possible remedy is vacation of the convictions resulting from the improper plea. Consequently, petitioner contends that the post-conviction court cannot simply modify her original sentence. Instead, petitioner argues that the post-conviction court must "place petitioner in the position she was in before she entered the flawed plea."

As discussed above, petitioner established a "substantial denial in the proceedings" of her constitutional rights that "rendered the conviction void." ORS 138.530(1)(a). ORS

138.520 then permitted the post-conviction court to grant relief, including "release, new trial, modification of sentence, and *such other relief as may be proper and just.*" (Emphasis added.) For the reasons set forth below, we conclude that the Court of Appeals' interpretation of the phrase "rendered the conviction void" in ORS 138.530(1)(a) improperly limits the relief that may be granted pursuant to ORS 138.520.

This court previously has addressed the issue of appropriate remedies, pursuant to statute, in post-conviction cases. In *Shipman v. Gladden*, 253 Or 192, 453 P2d 921 (1969), this court considered whether the Post-Conviction Hearing Act authorized granting a delayed appeal to rectify the violation of a constitutional right. In *Shipman*, a jury had convicted the petitioner of receiving and concealing stolen property and the trial court had sentenced him to the penitentiary for three years. The petitioner sought post-conviction relief based on the failure of his retained counsel to file a timely notice of appeal, and the post-conviction court subsequently allowed the petition and granted a delayed appeal.

On review, this court held that the petitioner was deprived of his Fourteenth Amendment right to due process and that the state therefore was required to "provide a remedy adequate to restore the impaired right." *Id.* at 203. In considering whether the post-conviction court had provided an appropriate remedy, this court discussed the meaning of the term "void" as used in ORS 138.530. In doing so, this court explained that the term "void" in ORS 138.530 meant that, *"unless appropriate relief is granted*[,] the denial of petitioner's rights that occurred * * * will render his conviction void." *Id.* (emphasis added). That explanation of the term "void" in ORS 138.530 was significant, because the constitutional denial that the petitioner in *Shipman* had experienced had occurred after conviction.

With regard to the breadth of a post-conviction court's remedial authority under ORS 138.520, this court in *Shipman* stated:

> "We concur in the finding of the trial court that the Post Conviction Hearing Act authorizes the granting of a delayed appeal when necessary to rectify a substantial

denial of constitutional rights. ORS 138.520 provides that the relief which a court may grant includes

> " "* * * release, new trial, modification of sentence, *and such other relief as may be proper and just.* * * *'

"The phrase 'such other relief as may be proper and just' conveys the same meaning as ORS 34.670, which directs a habeas corpus court 'to dispose of the party as the law and justice of the case may require.' As we pointed out in *Landreth v. Gladden*, 213 Or 205, 324 P2d 475 (1958), these phrases should be construed broadly to achieve the remedial purpose of the statutes.

"Although the act does not mention a delayed appeal the drafters intended such a remedy to be included. We think the legislature also intended to provide a delayed appeal in those cases where such a remedy is 'proper and just.' The alternatives would be to discharge the defendant or to grant him a new trial, either of which would be, from the standpoint of proper judicial administration, a less desirable result. If defendant is now provided with an appeal on the merits he will be in the same position as if his counsel had timely filed the original notice of appeal."

253 Or at 204 (emphasis in original; footnote omitted).

Here, the Court of Appeals concluded that *Shipman* was inapposite because, unlike in *Shipman*, the "prejudice" to petitioner in this case could be remedied only by giving petitioner "the choice whether to go to trial and, if she pleads guilty, the right to argue for a more lenient sentence than the putative maximum sentence under the plea agreement." *Hinton*, 201 Or App at 136. Instead, the Court of Appeals concluded that this court's decision in *Hartzog v. Keeney*, 304 Or 57, 742 P2d 600 (1987), established that the only disposition available to a post-conviction court when a criminal defendant has received erroneous advice about the maximum sentence is to vacate both the sentence and the plea. *Hinton*, 201 Or App at 136-37. We disagree with the Court of Appeals' characterization of the "actual prejudice" that petitioner suffered in this case and with that court's conclusion that *Hartzog*, rather than *Shipman*, controlled the post-conviction court's dispositional authority in this case.

In *Hartzog*, the petitioner was not advised by the court or his counsel, and was not otherwise aware, that his guilty plea to first-degree manslaughter exposed him to the imposition of a minimum sentence. Because the trial court had imposed a minimum sentence, this court held that the petitioner had been denied adequate assistance of counsel, that the denial had been substantial, and that the denial had rendered the petitioner's conviction "void." 304 Or at 65.

That statement should not be read out of context, however. The prejudice that the petitioner suffered in *Hartzog* was *the actual imposition of a minimum sentence* that prohibited the petitioner's release on parole during the minimum period of confinement. *Hartzog* was concerned only with whether counsel's failure to advise the petitioner about the potential for a minimum sentence was a "substantial denial in the proceedings," thereby rendering the conviction void. *Id.* at 64. It did not concern the scope of the remedial authority of the post-conviction court under ORS 138.520.

By contrast, *Semmes v. Williard*, 247 Or 583, 431 P2d 844 (1967), indicates the correct course to follow in this case. In *Semmes*, this court held that a petitioner was not entitled to post-conviction relief so long as the actual sentence imposed had not exceeded the maximum that the petitioner had contemplated when entering his plea. In *Semmes*, this court upheld the petitioner's convictions and his prison sentence totaling three years, stating:

> "It appears to us that this contention of lack of knowledge of the full extent of the penalty for the crime of which he entered a plea of guilty is utterly immaterial under the facts of this case. At the time he entered his plea he was appraised of the fact that he could receive a sentence of at least seven years and that such sentence might or might not run concurrently with his present term."

*Id.* at 587. Because the petitioner in *Semmes* received a sentence that did not exceed the maximum possible sentence of which he was aware, the court concluded that the petitioner was not entitled to post-conviction relief. *Id.*

Here, petitioner entered a plea of no contest to six counts of sexual abuse, with the expectation that her sentence could not exceed 226 months' incarceration. Thus,

under this court's reasoning in *Semmes*, had the court imposed a sentence that did not exceed 226 months, petitioner would not have suffered a "substantial denial in the proceedings," thereby entitling her to post-conviction relief, even though she had been unaware that a longer sentence was possible.[2] In this case, however, when petitioner entered her no contest pleas, she knew that she could be incarcerated a maximum of 226 months. Thus, the actual prejudice that petitioner suffered in this case is limited to the period of incarceration imposed that exceeds 226 months.

Under ORS 138.520, as interpreted in *Shipman*, the post-conviction court has broad authority to fashion a remedy to correct the actual prejudice suffered by a criminal defendant. Here, the post-conviction court decided to remand to the trial court with instructions either to decrease petitioner's sentence from 366 months to 226 months or to allow petitioner to withdraw her no contest pleas. That disposition is sufficient to remedy the actual prejudice that petitioner suffered. The statutory scheme does not require the more complete remedy chosen by the Court of Appeals, and that court erred in imposing it.

The decision of the Court of Appeals is reversed. The judgment of the post-conviction court is affirmed, and the case is remanded to the circuit court for further proceedings.

---

[2] We note, however, that *Semmes* does not stand for the proposition that post-conviction relief is never available when a petitioner pleads guilty after receiving erroneous advice about the maximum possible sentence but ultimately receives the promised sentence. If the difference between the actual maximum sentence and the promised sentence that the petitioner received is negligible, then the petitioner may have a valid post-conviction claim that, but for the erroneous advice, he or she would not have accepted the plea and would have gone to trial, instead.