Argued and submitted January 12, affirmed February 9, 2022

SHAUN EVERETT LOWRY,
*Petitioner-Appellant,*

*v.*

Garrett LANEY,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
17CV52552; A171455

502 P3d 1215

Dale Penn, Senior Judge.

Larry R. Roloff argued the cause and filed the briefs for appellant.

Patrick M. Ebbett, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Petitioner, while intoxicated, hit two pedestrians, killing one and seriously injuring the other. For that conduct, he was charged with first-degree manslaughter, second-degree assault, failure to perform the duties of a driver to injured persons, driving while under the influence of intoxicants, and recklessly endangering another person. Petitioner ultimately pleaded guilty to all charges and was sentenced to 190 months' incarceration. Petitioner subsequently petitioned for post-conviction relief, alleging that his trial counsel was deficient in multiple respects and also that trial counsel violated petitioner's rights by not notifying him of a (potential) conflict of interest. The post-conviction court denied relief. Reviewing for legal error and accepting the post-conviction court's supported factual findings, *Baranovich v. Brockamp*, 279 Or App 52, 53, 379 P3d 702 (2016), we affirm.

Regarding petitioner's claims for inadequate and ineffective assistance of counsel, under the circumstances present here, to prevail, petitioner was required to prove not only that counsel performed deficiently but also prejudice: that, absent counsel's deficiencies, petitioner would have proceeded to trial instead of entering a plea. *Moen v. Peterson*, 312 Or 503, 513, 824 P2d 404 (1991); *Hill v. Lockhart*, 474 US 52, 59, 106 S Ct 366, 88 L Ed 2d 203 (1985). Assuming without deciding that counsel performed deficiently in any of the ways alleged, the post-conviction court found that petitioner had not proved prejudice—that is, that petitioner would have gone to trial but for the asserted deficiencies—and the record is not one that would compel a different conclusion.

Regarding petitioner's claim that counsel was conflicted, petitioner was required, at a minimum, to demonstrate that an actual conflict adversely affected counsel's representation of petitioner in some way. *Cuyler v. Sullivan*, 446 US 335, 348, 350, 100 S Ct 1708, 64 L Ed 2d 333 (1980); *see Clark v. State of Oregon*, 267 Or App 544, 549-50, 340 P3d 757 (2014), *rev den*, 357 Or 143 (2015). Assuming without deciding that the record would allow for a finding that

counsel had an actual conflict, the record here is not sufficiently developed to allow for a finding that counsel's representation was adversely affected by that conflict.

Affirmed.