Submitted November 23, 2021, affirmed April 6, 2022

ADAM WAYNE BROOKS,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Klamath County Circuit Court
19CV12014; A173440

508 P3d 67

Marci Warner Adkisson, Judge.

Jason Weber and O'Connor Weber LLC filed the brief for appellant. Adam Wayne Brooks filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and DeVore, Senior Judge.

PER CURIAM

Affirmed.

## PER CURIAM

In exchange for a lenient sentence, petitioner pleaded no contest to one count of felony driving under the influence of intoxicants, ORS 813.010, ORS 813.011. In this post-conviction proceeding, he seeks relief from that conviction, alleging that his trial lawyer was inadequate and ineffective, in violation of his rights under Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution, in two respects: (1) by failing to obtain documents showing that petitioner's breath test, taken at the police station about one hour after his arrest, was below the legal limit; and (2) by subjecting petitioner to duress, thereby causing him to enter his plea. The post-conviction court denied relief. We affirm.

We review a post-conviction court's grant or denial of relief for legal error, accepting the court's explicit factual findings and its necessarily implicit factual findings if there is evidence to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). To prevail on his claims of inadequate and ineffective assistance of counsel, petitioner was required to demonstrate two elements under each constitution: deficient performance and prejudice. *Lowry v. Laney*, 317 Or App 520, 521, 502 P3d 1215 (2022). To prove prejudice in these circumstances, petitioner was required to demonstrate that "absent counsel's deficiencies, petitioner would have proceeded to trial instead of entering a plea." *Id*. at 521.

In this instance, the post-conviction court found that petitioner had not persuasively demonstrated the factual underpinning of his claims, determining as follows:

"Petitioner failed to establish by a preponderance of the evidence the following facts alleged in his petition:

"a.   That trial counsel failed to investigate facts and circumstances surrounding the underlying criminal charges arising from Petitioner's intoxilyzer given at the jail over an hour after his arrest and obtain such documents.

"b.   That trial counsel subjected the petitioner to duress in obtaining the plea[.]

"c.    That Petitioner would have proceeded to trial but for inadequate assistance of counsel; and

"d.    That Petitioner's plea was not knowing, voluntary and intelligent."

Having reviewed the record, we conclude that it reflects that the post-conviction court correctly applied the applicable legal standards and that the record allows for the court's determination that petitioner did not persuasively demonstrate the facts underpinning his claims. *See Rowen v. Gonenne*, 274 Or App 803, 814, 362 P3d 694 (2015) (an appellate court is bound by a trial court's finding that evidence is not sufficiently persuasive). To the extent petitioner's *pro se* supplemental brief challenges the post-conviction court's ruling on grounds other than its merits, we reject those challenges without discussion. Accordingly, we affirm.

Affirmed.