***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted January 5, affirmed February 1, petition for review denied April 20, 2023 (371 Or 21)

VYACHESLAV LEONIDOVICH STEFANSKIY,
*Petitioner-Appellant,*

*v.*

Brandon KELLY,
Superintendent, Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
18CV05808; A176127

Patricia A. Sullivan, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals a judgment denying his petition for post-conviction relief challenging his conviction for murder. Petitioner contends that trial counsel rendered inadequate assistance under Article I, section 11, of the Oregon Constitution, and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution. On appeal, petitioner raises one assignment of error: that his trial counsel failed to thoroughly discuss an expert's mental health evaluation with him and therefore failed to ensure that his guilty plea was knowing, intelligent, and voluntary. We affirm.

According to petitioner, the mental health evaluation provided the basis for a defense of extreme emotional disturbance, ORS 163.135(1) (2017), and, had petitioner known of that available defense, he either could have negotiated a more favorable plea offer or proceeded to trial. However, the post-conviction court found that trial counsel *did* discuss the expert evaluation with petitioner. The court further concluded that a more favorable plea deal would not have been forthcoming and that petitioner's contention that he would not have accepted the plea in light of the information contained in the evaluation was not credible. Those factual findings are supported by the evidence in the record—specifically the testimony of petitioner, the prosecutor, and trial counsel—and are therefore binding. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). Accordingly, the post-conviction court correctly concluded that petitioner failed to prove either that trial counsel was deficient or that he was prejudiced by any deficiency. *Lowry v. Laney,* 317 Or App 520, 521, 502 P3d 1215, *rev den*, 370 Or 214 (2022) (to prevail on post-conviction claim, "petitioner was required to prove not only that counsel performed deficiently but also prejudice: that, absent counsel's deficiencies, petitioner would have proceeded to trial instead of entering a plea").

Affirmed.